**UNITED STATES of America, Appellee,**

v.

**Paul W. BREWER, also known as Mark A. Latham, Appellant.**

No. 93–3003.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1994.

Decided May 4, 1994.

Mark Meyer, Cedar Rapids, IA, argued, for appellant.

Judith A. Whetstine, Cedar Rapids, IA, argued, for appellee.

Before McMILLIAN, WOLLMAN, and MAGILL, Circuit Judges.

MAGILL, Circuit Judge.

Paul Brewer appeals from the district court's imposition of a thirteen-month consecutive sentence pursuant to § 5G1.3 of the Sentencing Guidelines. Brewer, who pleaded guilty to the false and fraudulent use of a social security number and who at the time of sentencing was serving an undischarged state-imposed sentence, received a twenty-month concurrent and thirteen-month consecutive sentence. We vacate Brewer's sentence and remand to the district court for resentencing consistent with this opinion.

## I. BACKGROUND

Brewer's state and federal sentences both result from his fraudulent activity occurring in Cedar Falls, Iowa. Using a false name and social security number, Brewer opened a bank account under the name of Mark Latham. While working for the Salvation Army under Latham's name, Brewer developed a relationship with a co-worker, Pat Chambers. Planning on purchasing a home together with Brewer, Chambers borrowed $15,000 for a down payment on a house. Most of these funds were deposited by Brewer in his bank account. A few days later, without Chambers' permission, Brewer withdrew $13,900 in cash from his account. Brewer also wrote a number of checks on the now nearly depleted account, overdrawing the account and leaving a number of merchants uncompensated for goods sold to him.

Brewer was charged in Iowa state court with the theft of Chambers' money and writing "bad" checks. While the state charges were pending, Brewer was charged in federal court with three bank-related counts, one of which included use with an intent to deceive of a false social security number in violation of 42 U.S.C. § 408(a)(7)(B) (Supp. IV 1992). Before final disposition of the federal charges, Brewer received a ten-year state indeterminate sentence[1] for the theft of Chambers' money (Iowa Theft). He subsequently entered into a plea agreement in federal court whereby he pleaded guilty to the § 408 (Social Security) count and the other two counts were dismissed.

The guidelines required the district court to apply § 5G1.3 to determine the extent to which Brewer's federal sentence should be served consecutive to his state-imposed sentence. As part of the sentencing determination, the district court first assigned Brewer a criminal history category of V and an offense level of 12, resulting in a twenty-seven-to thirty-three-month sentencing range and the imposition of a thirty-three-month sentence. Although Brewer's presentence report (PSR) included the Iowa Theft conduct in its calculation of the estimated offense level, the district court, disagreeing with the PSR, refused to take the state conduct into account when it calculated the offense level of 12. Tr. at 184–87. Brewer does not appeal from the district court's determination that twenty-seven to thirty-three months is

---

1. Iowa has mandatory indeterminate sentencing. *See* Iowa Code Ann. § 902.9 (West Supp.1994). The ten-year sentence represents the *maximum* period of time Brewer can remain in state prison for his class C felony of theft in the first degree, Iowa Code Ann. § 714.2. *Id.* Brewer is likely to spend a significantly shorter period of time in state custody.

the proper sentencing range for the Social Security offense.

Second, the district court determined that had Brewer been charged and sentenced in federal court for both the federal Social Security and state Iowa Theft offenses, the offenses would have been grouped together, resulting in an offense level of 15, a criminal history category of IV, and a sentencing range of thirty to thirty-seven months. *Id.* at 237. The court assumed it would have imposed a thirty-seven-month sentence. Brewer does not challenge these calculations.

Lastly, the district court was faced with whether the federal term was to be served concurrent with or consecutive to the state sentence, thus requiring consideration of § 5G1.3. The district court determined that Brewer should receive eight months credit for the time he had already served on his state sentence. *Id.* at 238. The government thus requested that the court impose a twenty-nine-month consecutive sentence. *Id.* at 240. Brewer requested a wholly concurrent sentence. *Id.* The district court, applying U.S.S.G. § 5G1.3(c), p.s. (Nov. 1, 1992), made an "educated guess" that Brewer would serve at least twenty-four months in state custody. *Id.* at 242–43. Articulating that it was attempting to impose a reasonable incremental punishment as required by § 5G1.3(c), the district court imposed a twen-ty-month concurrent and thirteen-month consecutive sentence. Brewer timely appealed.

## II. DISCUSSION

█ Section 5G1.3 of the guidelines applies to the imposition of a sentence upon a defendant subject to an undischarged term of imprisonment. The "guideline is intended to result in an appropriate incremental punishment for the instant offense that most nearly approximates the sentence that would have been imposed had all the sentences been imposed at the same time." U.S.S.G. § 5G1.3, comment. (backg'd.).[2] A sentencing court is guided by § 5G1.3 in its determination of an appropriate point within the sentencing range to order the sentence to run concurrent with or consecutive to the undischarged term of imprisonment. *Id.* comment. (n.3). Brewer contends the district court improperly applied § 5G1.3(c) (subsection (c))[3] when it imposed a thirteen-month consecutive sentence, thus failing to impose a reasonable incremental punishment.[4]

█ The government frames the issue on appeal as a challenge to the district court's factual findings. It asserts that Brewer challenges the district court's finding that Brewer will probably serve no more than twenty-four months of his state indeterminate sentence. Hence, according to the government, the clearly erroneous standard applies to our review. *See United States v. Kelly,* 989 F.2d

2. This articulated purpose does not apply to those sentences imposed pursuant to § 5G1.3(a). U.S.S.G. § 5G1.3, comment. (backg'd.).

3. Brewer originally argued that the district court erred when it applied § 5G1.3(c) (subsection (c)) instead of § 5G1.3(b) (subsection (b)). Brewer briefed this argument but appeared to abandon it at oral argument. Regardless, we do not consider Brewer's subsection (b) claim at any length. Subsection (b) should be applied by a sentencing court when a defendant has (1) an undischarged term of imprisonment *and* (2) that undischarged term of imprisonment results from an offense or offenses *that have been fully taken into account in the determination of the offense level for the instant offense. See* U.S.S.G. § 5G1.3(b). Thus, in Brewer's case, subsection (b) should be applied only if the conduct underlying the Iowa Theft offense was fully taken into account in determining Brewer's offense level of 12. The district court not only stated it was not taking such conduct into account, but it explained its reason-ing. Tr. at 184–87. Moreover, at oral argument, Brewer recognized the district court's finding that "the Pat Chambers matter is [not] relevant conduct for purposes of this particular proceeding," *id.* at 207. We find no error in the district court's findings, and, accordingly, we find no error in the district court's refusal to apply subsection (b).

4. The government contends that Brewer has not preserved this issue for appeal. We disagree. *See* Tr. at 241–42. Even if Brewer had not raised the issue at the sentencing hearing, we could review for plain error if Brewer's substantial rights were affected. *See Fritz v. United States,* 995 F.2d 136, 137 (8th Cir.1993) (sentencing may be reviewed under plain error standard if error is outside the guideline range, caused by a sentence resulting in a violation of law, or derived from an incorrect application of the Sentencing Guidelines), *cert. denied,* —— U.S. ——, 114 S.Ct. 887, 127 L.Ed.2d 81 (1994); *see also* 18 U.S.C. § 3742(a) (1988).

980, 985 (8th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 206, 126 L.Ed.2d 163 (1993). In contrast, Brewer frames the issue as a challenge to the district court's application of the guideline. Brewer thus argues that the de novo standard applies to our review. *See United States v. Gullickson*, 981 F.2d 344, 346 (8th Cir.1992). We agree with Brewer and review de novo. We are not reviewing the correctness of the district court's factual findings, but rather whether the district court properly applied subsection (c) to its imposition of Brewer's sentence.

Subsection (c) requires a sentencing court to impose a consecutive sentence to the extent necessary to "achieve a reasonable incremental punishment for the instant offense."[5] U.S.S.G. § 5G1.3(c). The commentary to subsection (c) directs the district court to "consider a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all of the offenses been federal offenses for which sentences were being imposed at the same time." *Id.* comment. (n. 3). The district court made a

finding that for Brewer, a reasonable incremental penalty for the combined state and federal offenses would be thirty-seven months of imprisonment.

■■■ Despite the district court's uncontested determination that a reasonable incremental punishment for the combined offenses would be thirty-seven months of imprisonment, the district court reasoned that Brewer's indeterminate state sentence precluded accurate imposition of such a penalty. The district court, consequently, made an "educated guess" as to the length of Brewer's state incarceration.[6] The district court's "educated guess" resulted in a failure to impose the "reasonable incremental [combined] punishment" required by § 5G1.3. Under the sentence imposed by the district court, Brewer ultimately could stay in prison for thirty-three months[7]—thus receiving less than a reasonable incremental penalty—or significantly more than thirty-seven months[8]—thus receiving more than a *reasonable* incremental penalty. Unless the district court departs, the district court lacks discretion to impose a federal sentence that may or may not impose a reasonable incremental punishment. *See Gullickson*, 981 F.2d at 349; *see also* U.S.S.G. § 5K2.0 (1992).[9]

---

**5.** Subsection (c) states in relevant part:

> (c) (Policy Statement) In any other case, the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense.
>
> U.S.S.G. § 5G1.3(c), p.s. (1992).

**6.** The district court stated:

> All right. Well, this is—these 5G1.3(c) issues are very difficult to resolve, and because you're just really trying to figure out and make what is hopefully an educated guess as to what's going to happen in the state system as to his likely release date, actual release date as opposed to mandatory release date under the State of Iowa's indeterminate sentencing, and based upon my prior experience with this matter, which I will concede has not been extensive, but I've had this issue come up before and I've had more extensive testimony about how the state looks at these things and what the likely sentences are, and seems to me if the defendant doesn't get himself into trouble in the state system, that at most he'll serve probably 24 months. As a matter of fact, I question whether he'll even serve that much, but, in any

> event, I think it's probably the most that he's going to serve, and seems to me that the purposes of 5G1.3(c) where it's my determination as to what is a reasonable incremental punishment for the federal offense, that when you combine the two offenses together, you're at a level 37; if you assume the defendant's going to serve 24 months under the state system, a reasonable incremental punishment for the federal offense is 13 months to run consecutive to his state sentence.
>
> Tr. at 242–43.

**7.** Thirty-three months represents the total sentence imposed by the district court for the Social Security offense. Should Brewer serve only 33 months in prison, he will have received less than a reasonable incremental punishment for the combined offenses because he effectively will serve no "additional" prison time.

**8.** If Brewer serves more than 24 months of the Iowa sentence, Brewer will serve more than 37 months for the combined offenses and thus more than the district court found was reasonable.

**9.** The sentencing commission anticipated that the application of subsection (c) could be com-

■ In light of Brewer's indeterminate state sentence, the district court believed that it was unable to fashion a means for imposing a thirty-seven-month combined punishment. The illustrations to the § 5G1.3 commentary provide the sentencing court with guidance.[10] The illustrations to the subsection (c) commentary instruct that when a defendant is under an indeterminate state sentence, as is Brewer, the sentencing court should first determine the sentencing range for the instant offense. *See id.* comment. (n. 3(A)). The court should next determine how much of the defendant's state sentence has been served. *See id.* Then the district court should determine what the total punishment would have been had the defendant been sentenced for all offenses at the same time in federal court. *See id.* Finally, the district court should subtract the time served on the state sentence from the hypothetical combined sentence. As long as the resulting sentence is within the guideline range calculated for the instant offense, this is the sentence that should be imposed concurrent with the indeterminate state sentence. *See id.* comment. (n. 3) ("this methodology does not, itself, require the court to depart from the guideline range established for the instant federal offense"). Applying this procedure would impose upon a defendant a total sentence that would be no longer than the sentence he would have received had all offenses been prosecuted in federal court, thus properly implementing § 5G1.3's purpose. *See id.* comment. (n. 3(A)).[11] If the defendant serving a state indeterminate sentence is released from state custody before the concur-

rent sentence is completed, he would finish the federal sentence in federal custody. Contrary to the district court's concerns, despite the indeterminate time of Brewer's release from Iowa's custody, the district court could impose a sentence that would assure that Brewer served at least thirty-seven months in prison and, at the same time, that Brewer served no more than thirty-seven months in prison as a result of his Social Security offense.

■ The government argues that the district court had discretion pursuant to 18 U.S.C. § 3584 (1988), notwithstanding subsection (c), whether to impose a concurrent to consecutive sentence. We agree, but such discretion is not unfettered. *See Gullickson,* 981 F.2d at 348–49. When determining whether to impose a consecutive or concurrent sentence, § 3584 directs the courts to "consider" the applicable guidelines and policy statements in effect at the time of sentencing. *See id.* at 348; *see also* 18 U.S.C. § 3553(a) (1988). Although "sentencing courts do not have discretion ... to ignore section 5G1.3(c)," *Gullickson,* 981 F.2d at 349, the district court may depart from the range suggested by § 5G1.3 when sufficient justification for departure exists. *Id.* "In determining whether sufficient justification for departure exists, district courts must follow usual guideline procedures." *Id.* Thus, a district court may depart from the mandate imposed by § 5G1.3, but it may not do so without justifying such a departure. *See id.*

plex; however, the difficulties anticipated by the sentencing commission relate to the calculation of a reasonable incremental combined punishment—here the uncontested 37 months—not to the process of imposing the sentence. U.S.S.G. § 5G1.3, comment. (n. 3). For example, "[w]here the defendant is serving a term of imprisonment for a state offense, the information available may permit only a rough estimate of the total punishment that would have been imposed under the guidelines." *Id.*

10. The Supreme Court recently held that the commentary to the guidelines is binding on the federal courts when it "interprets or explains a guideline ... unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States,* — U.S. —, —, 113

S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993). The guidelines note that "[p]ortions of this document not labeled as guidelines or commentary also express the policy of the Commission or provide *guidance as to the interpretation or application of the guidelines.* These are to be construed as commentary and thus have the force of policy statements." U.S.S.G. § 1B1.7, comment. (1992) (emphasis added).

11. Unless the district court departs, Brewer should receive a 29–month concurrent sentence. At the time of sentencing, Brewer had served 8 months in state prison. The government and Brewer agree that the hypothetical combined sentence would be 37 months. A concurrent sentence of 29 months (37 minus 8) is within the applicable guideline range (27 to 33 months) for the Social Security offense.

**1322**

In the instant case, the district court did not state it was departing from § 5G1.3.

The government also contends that subsection (c) is a policy statement and thus is not binding on the courts. Agreeing that subsection (c) is a policy statement does not end the inquiry. A "policy statement[ ] interpreting a guideline, or prohibiting a district court from taking a specified action, [is] authoritative and binding on the courts." *United States v. Levi,* 2 F.3d 842, 845 (8th Cir.1993). The relevant inquiry is thus whether subsection (c) interprets a guideline. We hold it does. Subsection (c) directs the court in mandatory language to impose a consecutive sentence to the extent necessary to achieve a reasonable incremental punishment for the instant offense. *See supra* note 5. This policy statement interprets § 5G1.3, whose purpose is to impose "appropriate incremental punishment for the instant offense that most nearly approximates the sentence that would have been imposed had all the sentences been imposed at the same time," U.S.S.G. § 5G1.3, comment. (backg'd.). Accordingly, unless the district court departs under guideline procedures, subsection (c) must be applied by the sentencing court.

By imposing a thirteen-month consecutive sentence that would be served regardless of the amount of time Brewer would ultimately spend in state custody, the district court failed to impose a reasonable incremental penalty for the combined offenses. The district court failed to choose an appropriate point within the sentencing range to order the sentence to run concurrent with or consecutive to the undischarged term of imprisonment. *See id.* comment. (n. 3). As the district court recognized:

> If the defendant gets out sooner than 24 months in the state sentence [sic], well, the defendant sort of—he's gotten a break, so to speak. If he gets out in more than 24 months, he hasn't gotten a break. But in either event, the defendant will serve 13 months and only 13 months in the federal sentence [sic] consecutive to the state sentence, whatever that ultimately turns out to be. . . .

Tr. at 246–47. This sentence potentially imposed less than a reasonable incremental

punishment or a *greater* incremental punishment than the district court found was reasonable. *See supra* notes 7, 8. As such, the sentence represents an improper application of § 5G1.3, and therefore, we must vacate Brewer's sentence and remand to the district court.

## III.  CONCLUSION

We vacate the sentence imposed by the district court, and we remand for resentencing in light of this decision.