**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charles Matthew YATES,
Defendant–Appellant.**

No. 94–2191.

United States Court of Appeals,
Tenth Circuit.

June 20, 1995.

Robert J. Gorence, Asst. U.S. Atty. (John J. Kelly, U.S. Atty., and Mary L. Higgins, Asst. U.S. Atty., on the brief), Albuquerque, NM, for plaintiff-appellee.

Stephen P. McCue, Asst. Federal Public Defender, Albuquerque, NM, for defendant-appellant.

Before BRORBY, GODBOLD,* and HOLLOWAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

Defendant-Appellant Charles Matthew Yates appeals from a judgment of the district court sentencing him to an 87-month term of imprisonment to run consecutively to an 18-year state term he is currently serving. Jurisdiction in this Court is proper under 28 U.S.C. § 1291.

**I**

On March 4, 1992, Yates pled guilty to Crime on an Indian Reservation, Abusive Sexual Contact, in violation of 18 U.S.C. §§ 1153, 2244(a)(1), and 2245(3). On June 24, 1992, he was sentenced to 87 months' imprisonment on the federal charges, to be followed by a three-year period of supervised release. On appeal, we remanded for resentencing. *United States v. Yates,* 22 F.3d 981 (10th Cir.1994).[1]

On July 28, 1994, prior to resentencing, Yates filed a Sentencing Memorandum and Request for Concurrent Sentence, informing the court that since his original sentencing he had received an 18-year sentence for convictions in a New Mexico state court.[2] I R. doc.

49. Yates requested the federal district court to impose a concurrent sentence. *Id.* On August 3 the court held a hearing and resentenced Yates to 87 months' imprisonment to run consecutively to the 18-year state sentence, together with a three-year term of supervised release upon release from confinement, and a special assessment of $50. Yates filed a timely notice of appeal.

**II**

"In general, a district court has broad discretion in choosing to sentence a defendant to a consecutive or concurrent sentence. *See* 18 U.S.C. §§ 3553(a), 3584(a), (b). The court's discretion is confined, however, by § 5G1.3 of the [Sentencing] Guidelines when it seeks to impose a consecutive or concurrent sentence upon a defendant subject to an undischarged term of imprisonment." *United States v. Johnson,* 40 F.3d 1079, 1082 (10th Cir.1994).

■ USSG § 5G1.3, Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment, is controlling here. Because neither § 5G1.3(a) nor § 5G1.3(b) is applicable, § 5G1.3(c) is the appropriate provision to consider in determining whether Yates's federal sentence should run consecutively to or concurrently with his state sentence. Section 5G1.3(c) provides:

(Policy Statement)[3] In any other case, the sentence for the instant offense shall be imposed to run consecutively to the prior

---

* The Honorable John C. Godbold, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

1. In the original sentencing the district judge departed from a criminal history category III to a category VI. We held that the district judge failed to give "any analysis supporting [the] increase in the level of departure." 22 F.3d at 990. We therefore remanded so that the district court could "provide a precise analysis for its selection of criminal history category VI. . . . and detail the manner by which it arrives at the particular criminal history level factored into its final sentence." *Id.* at 991.

2. Yates was convicted of two counts of Criminal Sexual Penetration in the Second Degree and

one count of Kidnapping (No Great Bodily Harm). The state judge sentenced Yates to nine years' imprisonment for each of the three offenses. The sentences for the two counts of criminal sexual penetration were to run concurrently with each other, and consecutively to the sentence for kidnapping. The state judge also specified that "[t]his eighteen (18) year sentence shall run concurrently with a federal sentence the Defendant is currently serving. . . ." I R. doc. 49, attachment at 2.

3. Unless inconsistent with the guidelines, federal statutes, or the Constitution, policy statements and commentary in the sentencing guidelines are binding. *See Stinson v. United States,* —— U.S. ——, ——, ——, 113 S.Ct. 1913, 1915, 1917, 123 L.Ed.2d 598 (1993).

undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense.

The commentary explains:

Where the defendant is subject to an undischarged term of imprisonment in circumstances other than those set forth in subsections (a) or (b), subsection (c) applies and the court shall impose a consecutive sentence to the extent necessary to fashion a sentence resulting in a reasonable incremental punishment for the multiple offenses. In some circumstances, such incremental punishment can be achieved by the imposition of a sentence that is concurrent with the remainder of the unexpired term of imprisonment. In such cases, a consecutive sentence is not required. To the extent practicable, the court should consider a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all of the offenses been federal offenses for which sentences were being imposed at the same time. It is recognized that this determination will require an approximation. Where the defendant is serving a term of imprisonment for a state offense, the information available may permit only a rough estimate of the total punishment that would have been imposed under the guidelines....

USSG § 5G1.3 application note 3.[4]

In *Johnson,* we stated that § 5G1.3(c) "requires a district court to impose a consecutive sentence to the prior undischarged term of imprisonment 'to the extent necessary to achieve a reasonable incremental punishment for the instant offense.' " 40 F.3d at 1083. We noted that "[t]he commentary to § 5G1.3(c) directs the district court to determine the total punishment for all the offenses as if § 5G1.2 (Sentencing on Multiple Counts

of Conviction) was applicable. USSG § 5G1.3 application note 3." *Id.*

Yates argues that under § 5G1.3(c) the district court was required to impose a concurrent rather than a consecutive sentence. More specifically, he says that the guidelines provide for a 210–262 month sentence for the combined federal and state offenses; and that because the 18–year state sentence was within that range, no additional imprisonment was necessary for a reasonable incremental punishment under § 5G1.3(c). Yates further argues that the trial judge's assumption that Yates would serve only 9–12 years of his state sentence—an assumption the judge apparently used in determining a reasonable incremental punishment—was unwarranted. Finally, Yates asserts that the imposition of a consecutive federal sentence violated principles of comity and federalism by "overrid[ing] and abrogat[ing] that aspect of the state judge's sentence that ordered the state sentence to run at the same time as the federal sentences." Appellant's Brief-in-Chief at 16.

The government says that "the district court [had] discretion to rely on what it and the parties agreed was a likely effective sentence," Appellee's Brief at 18, and that the district court appropriately used the 12–year figure to determine a reasonable incremental punishment. The government also asserts that "Yates' argument that the consecutive sentence imposed by the district court violates principles of comity and federalism also fails to take into account the requirement of fashioning a reasonable incremental sentence under § 5G1.3(c)." *Id.* at 20–21. The government contends that the district court "acted appropriately within its discretion under § 5G1.3(c) in sentencing as it did." *Id.* at 21.

At the time of his original sentencing Yates had not yet been convicted of the state offenses. Therefore, he was not then a "defendant subject to an undischarged term of imprisonment," and § 5G1.3 did not apply. However, in the intervening period between his original sentencing and his resentencing,

---

**4.** This commentary is from the 1993 version of the guidelines, the version in effect at the time of resentencing. *See* USSG § 1B1.11; *United States v. Nelson,* 36 F.3d 1001, 1003 (10th Cir.

1994) ("a sentencing court must use the Sentencing Guidelines in effect at the time of sentencing unless doing so violates the Ex Post Facto Clause.").

Yates was convicted and sentenced for the state offenses. Thus, § 5G1.3 applied at Yates's resentencing in August 1994.[5]

In arguing for a concurrent sentence, Yates used the methodology suggested by the guideline commentary to calculate a total combined sentence as though the state convictions were federal convictions and the state and federal sentences were being imposed at the same time. *See* USSG § 5G1.3 application note 3. Accordingly, Yates determined the analogous federal offense level for his state convictions to be 35, under USSG § 2A1.3.[6] I R. doc. 49. The offense level for Yates's federal offense was 20. Because the offense level for the federal offense was more than eight levels below the offense level for the state convictions, the total offense level for the combined state and federal offenses was 35. *See* USSG § 3D1.4.[7] Yates determined his criminal history to be a category III, and therefore suggested that the applicable sentencing range would be 210 to 262 months. The district court appeared to accept this suggestion. *See* II R. at 2–3; Appellee's Brief at 16.

Yates argued that because the 18–year state sentence was within the sentencing range determined by his calculations, a concurrent sentence would satisfy the requirement for a reasonable incremental punishment. However, the judge imposed a consecutive sentence, stating:

> THE COURT: ... As I understand what you're telling me is that he should be

sentenced—or that I should take into consideration that the offense is (sic) that he was tried on in state court that he received 18 years on, and that in this court, he would have received 210 to 262 months.

> MR. McCUE: Yes, sir.

> THE COURT: So that I should take that into consideration in my sentencing.

> MR. McCUE: All right.

> THE COURT: And the state court, you indicate he will be released in probably nine—possibly 9 years, more probably 12 years.

> MR. McCUE: Yes, sir.

> THE COURT: Okay. And my calculations, then, are that at the—let's say he serves 12 years, or 84 months—12 years, 144 months—and that if he serves 87 after that, then he will be right within the range of the 17 and a half to 21.8 years that you have cited to me in paragraph 9 of your memo.

> MR. McCUE: I think that's correct, Your Honor.

> THE COURT: All right.

II R. at 2–3.

Immediately following this exchange, however, counsel for Yates objected to the assumption that Yates would serve only 12 years of the 18–year state sentence:

> MR. McCUE: But, Your Honor, I would ask the Court to consider a concurrent sentence in this case. There are two reasons for that. First of all, your original

---

5. In its brief, the government argued that § 5G1.3 did not apply; however, it abandoned this position at oral argument.

6. This section establishes a base offense level of 27 for criminal sexual abuse. This offense level was increased by four levels because the offense was committed by force or violence and by another four levels because the victim was abducted. *See* USSG § 2A3.1(b)(1) and (5).

7. Section 3D1.4, Determining the Combined Offense Level, provides that "the combined offense level is determined by taking the offense level applicable to the Group with the highest offense level and increasing that offense level by the amount indicated in the following table...." Section 3D1.4(c) provides that where the offense levels differ by nine levels or more, there should be no increase in the combined offense level. That is, the greater offense level is also the total offense level for both offenses. Though this re-

sult may seem anomalous, the commentary notes that in such circumstances, no increase in the offense level is warranted because an increase may result in an excessive punishment. (For offense level differences of eight or less, § 3D1.4 provides for an increase of up to five levels.) The commentary to § 3D1.4 notes:

> If there are several groups and the most serious offense is considerably more serious than all of the others, there will be no increase in the offense level resulting from the additional counts. Ordinarily, the court will have latitude to impose added punishment by sentencing toward the upper end of the range authorized for the most serious offense. Situations in which there will be inadequate scope for ensuring additional punishment for the additional crimes are likely to be unusual and can be handled by departure from the guidelines.

departure was based on the belief that Mr. Yates should do more time. He's doing more time. He's going to do more time in state custody.

*Secondly, I'm very concerned about the assumptions that we are all making about how much time he will actually serve in state custody.*

*The state sentence is a determinant [sic] sentence. It's 18 years. He may serve 9 years, he may serve 12, he may serve more. If he doesn't get good time, if he paroles and is violated, he could end up serving a much longer state sentence. And I think that trying to guess what the state is going to do puts us in a very difficult position.*

II R. at 3 (emphasis added).[8]

The district judge apparently imposed a consecutive 87-month federal sentence based on his assumption that Yates would serve only 12 years of the state sentence.[9] In order to achieve a reasonable incremental punishment—i.e., total imprisonment for a term within the guideline range of 210 to 262 months—he therefore imposed a wholly consecutive sentence. Under the district judge's rationale, Yates would serve 144 months in state prison followed by 87 months in federal prison, for a total of 231 months in prison for the state and federal offenses. This 231-month total sentence was within the guideline range for the combined offenses, and therefore was a reasonable incremental punishment, according to the judge's theory.

The heart of this appeal concerns the propriety of the district judge's assumption that Yates will serve only 12 years of his state sentence,[10] and whether the effective or "real" state sentence, rather than the stated

---

**8.** The Defendant's Sentencing Memorandum and Request for Concurrent Sentence was referred to by the trial judge at the sentencing hearing. This memorandum did state that "With good time, Mr. Yates will serve at least nine years imprisonment in state custody, with parole supervision to follow. It is more likely that Mr. Yates will serve approximately 12 years." Sentencing Memorandum at 2 n. 2.

However, this Sentencing Memorandum was filed July 28, 1994, prior to the sentencing hearing. The position of defendant at the hearing, quoted above, challenging the assumption that the defendant would serve only nine to 12 years of his state sentence, occurred at the sentencing hearing held August 3, 1994, and thus is the final position taken by the defendant below. *See also* Appellant's Brief-in-Chief at 12–14; Appellant's Reply Brief at 5–6 ("There is absolutely no support in the record or in reality for [the assumption that Yates will serve only nine to 12 years of his state sentence].").

**9.** The district judge did not mention § 5G1.3 when he pronounced the sentence at the end of the resentencing hearing, nor did he mention it in his written resentencing order. *See* II R. at 12–18; I R. doc. 51. However, at the end of the resentencing, the judge stated:

An additional part of my reasoning, for the purposes of your appeal, is that if [the government attorney] says, I don't really know of any prisoner in the state system who's ever served his full time except those who are on life without parole, the state system now has a reason to get him out of the state system because he can go to the federal system. And all my experience has been they parole them as soon as they can simply to get them out of their system.

So in essence, I probably helped him serve his nine years in state prison and get out of the state prison system and into the federal system. II R. at 17–18. In light of this statement, which indicates the judge's belief that Yates will not serve the full 18 years of the state sentence, and in light of the judge's earlier colloquy with the public defender, *see* above, we believe that the judge did consider, and apply, § 5G1.3(c). Regardless, whether the judge applied § 5G1.3(c) does not affect our decision to remand, and on remand the district judge will again be required to apply § 5G1.3, unless he departs from its methodology and explains his reasons for departing.

**10.** The judge's assumption that Yates would serve only 12 years of his 18-year state sentence appears to have been based on the judge's belief that Yates would receive good time credits. *See* II R. at 3, 8; Defendant's Sentencing Memorandum and Request for Concurrent Sentence, I R. doc. 49 at 2 n. 2. The belief that Yates would receive substantial good time probably stems from the nature of New Mexico's statutory good time scheme, which allows for substantial deductions in the length of an inmate's state sentence. However, the statutory scheme by itself does not provide that Yates will receive any good time.

New Mexico provides for two types of good time credit for its prisoners, "meritorious deductions" and "industrial deductions." *See* N.M.Stat.Ann. §§ 33–2–34 and 33–8–14 (1987 Repl.Pamph.). Section 33–2–34(A) provides that meritorious good time *"may* be awarded ... based on good conduct *upon recommendation of the classification committee and approval of the warden...."* Section 33–2–34(B) provides for a lump sum good time award for "exceptionally

sentence, should be used to determine if a reasonable incremental punishment required the imposition of a consecutive, or partially consecutive, sentence.

## III

Yates argues that the approach taken by the district court was expressly rejected in *United States v. Brewer*, 23 F.3d 1317 (8th Cir.1994). In *Brewer*, the defendant had been sentenced in state court to an indeterminate sentence of no more than ten years. In applying § 5G1.3(c), the district court in *Brewer* made an "educated guess" that the defendant would probably serve at most 24 months in state prison. *Id.* at 1320 n. 6. Therefore in order to achieve a reasonable incremental punishment of 37 months, the judge imposed a 13–month consecutive sentence.

The Eighth Circuit held that the district court's "educated guess" method was improper because it failed to impose a reasonable incremental punishment. *Id.* at 1320. The court noted that if Brewer served more than 24 months of his state sentence, he would serve more than 37 months altogether, a term in excess of the sentence the district court found to be a reasonable incremental punishment. *Id.* at 1320 n. 8. The Eighth Circuit concluded "[t]he district court's 'educated guess' resulted in a failure to impose the 'reasonable incremental [combined] punishment' required by § 5G1.3.... Unless the district court departs, the district court lacks discretion to impose a federal sentence that may or may not impose a reasonable

incremental punishment." *Id.* at 1320 (brackets in original). Accordingly, the Eighth Circuit vacated and remanded for resentencing.

On the surface, *Brewer* seems to support Yates's claim. If Yates serves the full 18–year state sentence, followed by the 87–month federal sentence, he will have served 303 months, 41 months in excess of the maximum sentence for a reasonable incremental punishment under the range the district judge accepted. Yates argues that the judge's assumption here that the effective state sentence is 12 years is akin to the "educated guess" rejected by the Eighth Circuit in *Brewer*.

We do not read *Brewer* as holding that use of a real or effective sentence in determining a reasonable incremental punishment is per se impermissible. Instead, *Brewer* simply held that the district judge had erroneously concluded that "[he] was unable to fashion a means for imposing a [reasonable incremental] punishment." 23 F.3d at 1321. The Eighth Circuit then set forth the proper application of § 5G1.3(c) to the facts of that case, *see id.*, and instructed the district judge to sentence Brewer accordingly. *See id.* at 1321 n. 11. Specifically, the Eighth Circuit said that "[u]nless the district court departs, Brewer should receive a 29–month concurrent sentence." *See id.*[11]

However, here, unlike in *Brewer*, the method suggested by § 5G1.3 cannot provide a sentence that ensures that Yates will serve neither more nor less time than necessary for a reasonable incremental punishment.[12]

---

meritorious service" in addition to the good time awarded under § 33–2–34(A). Meritorious good time awards under both (A) and (B) are discretionary rather than mandatory. Moreover, § 33–2–34(C) provides for the partial forfeiture of meritorious good time previously earned, which shows the uncertainty in the length of New Mexico state sentences.

Section 33–8–14 (industrial deductions) provides for a mandatory award of good time for an inmate "engaged in an enterprise program." However, because an inmate must be engaged in an enterprise program in order to receive industrial good time, this section also does not provide any mandatory good time.

11. The Eighth Circuit recognized that district courts do not have discretion to ignore

§ 5G1.3(c), but they "may depart from the range suggested by § 5G1.3(c) when sufficient justification exists." 23 F.3d at 1321. "Thus, a district court may depart from the mandate imposed by § 5G1.3, but it may not do so without justifying such departure." *Id.* We have held the same. *Johnson*, 40 F.3d at 1084.

12. In *Brewer*, a concurrent federal sentence would ensure that Brewer would serve the amount of time necessary for a reasonable incremental punishment. If Brewer were "released from state custody before his concurrent federal sentence [was] completed, he would finish the federal sentence in federal custody." 23 F.3d at 1321. Given the mathematical good fortune of Brewer's circumstances, it was possible for the district judge to "impose a sentence that would

This uncertainty is due entirely to the uncertainty in the length of Yates's state sentence. We must therefore decide if the application of § 5G1.3(c) requires a sentencing court to use the term of imprisonment as stated by the state court or the effective term of imprisonment (i.e., the amount of time a prisoner is most likely to spend in state custody), an issue not decided in *Brewer*.

In *United States v. Whiting*, 28 F.3d 1296, 1310–12 (1st Cir.), *cert. denied sub nom. Bowie v. United States*, — U.S. —, 115 S.Ct. 378, 130 L.Ed.2d 328, *Dixon v. United States*, — U.S. —, 115 S.Ct. 498, 130 L.Ed.2d 408, *Carmichael v. United States*, — U.S. —, 115 S.Ct. 499, 130 L.Ed.2d 408, and *Wadlington v. United States*, — U.S. —, 115 S.Ct. 532, 130 L.Ed.2d 435 (1994), the First Circuit faced a situation similar to the one before us. There, defendant Bartlett had pled guilty to conspiracy to distribute cocaine. The district court determined a guideline range of 262 to 327 months and sentenced Bartlett to 262 months to run consecutively to two life sentences Bartlett was serving in state prison. The district court concluded that despite being sentenced to life, Bartlett would probably serve only 16 years in state prison. *Id.* at 1310. On appeal, Bartlett argued that his life sentences were automatically sufficient to satisfy the requirement of a reasonable incremental punishment, and therefore a concurrent sentence should be imposed. The First Circuit disagreed:

> We believe that this guideline refers to the *real or effective sentence*—not to a nominal one. After all, one of the primary goals of the federal sentencing guidelines is "hones-

ty in sentencing," whereby "the sentence the judge gives is the sentence the offender will serve." Stephen Breyer, "The Federal Sentencing Guidelines and the Key Compromises Upon which They Rest," *Hofstra L.Rev.* 1, 4 (1988).

*Id.* at 1311 (emphasis added). *Whiting* supports the use of the "real or effective" state sentence to calculate a reasonable incremental punishment.[13]

■ We agree with the First Circuit that using the real or effective sentence would be in accord with the goal of honesty in sentencing, one of the primary goals of the guidelines. *See Whiting*, 28 F.3d at 1311; USSG Ch. 1, Pt. A.3 at 2 (basic objective of the Sentencing Reform Act of 1984 "was to enhance the ability of the criminal justice system to combat crime through an effective, fair sentencing system. To achieve this end, *Congress first sought honesty in sentencing.*" (emphasis added)); *see also United States v. Weaver*, 920 F.2d 1570, 1575 n. 12 (11th Cir.1991); *United States v. Khang*, 904 F.2d 1219, 1222–23 (8th Cir.1990); *United States v. Brewer*, 899 F.2d 503, 507 (6th Cir.), *cert. denied*, 498 U.S. 844, 111 S.Ct. 127, 112 L.Ed.2d 95 (1990). And, consistent with *Whiting*, we hold that the "real or effective" term of imprisonment, rather than the nominal sentence, may be used when applying § 5G1.3(c) to calculate a reasonable incremental punishment *if* that "real or effective" term of state imprisonment can be fairly determined on a reliable basis. *See United States v. Redman*, 35 F.3d 437, 439 (9th Cir.1994), *cert. denied*, — U.S. —, 115 S.Ct. 922, 130 L.Ed.2d 802 (1995).

---

assure that Brewer served at least thirty-seven months in prison and, at the same time, that Brewer served no more than thirty-seven months in prison as a result of his [federal] offense." *Id.*

Unlike Brewer, Yates could complete a concurrent 87–month federal sentence and be released from state custody without serving enough time to meet the guideline minimum for a reasonable incremental punishment. For example, assume the 87–month sentence is concurrent. If Yates is released from state prison after only 12 years, he will have completed both his federal and state sentences in 144 months, short of the 210–month minimum prescribed by the guidelines. Thus, a concurrent sentence could result in punishment

that is insufficient to satisfy the requirement of a reasonable incremental punishment. Conversely, as noted, a wholly consecutive sentence could result in imprisonment in excess of a reasonable incremental punishment, i.e., in excess of the 262–month guideline maximum.

**13.** In *Whiting*, Bartlett did not dispute the finding that his state sentence was effectively one for 16 years, whereas Yates *does* dispute the finding that his state sentence is effectively 12 years. Though Yates' counsel speculated that Yates would probably serve only nine to 12 years of the 18–year state sentence, he nevertheless emphasized the uncertainty about the effective sentence, as we have noted earlier.

The determination of a real or effective state sentence is a question of fact and is therefore subject to the clearly erroneous standard of review.[14] "A finding of fact is clearly erroneous only if it is 'without factual support in the record, or if after reviewing all the evidence we are left with the definite and firm conviction that a mistake has been made.'" *United States v. Okane,* 52 F.3d 828, 831 (10th Cir.1995), quoting *United States v. Chavez–Palacios,* 30 F.3d 1290, 1295 (10th Cir.1994). Although defense counsel suggested that Yates may serve only 9 to 12 years of the state sentence, he objected to the use of 12 rather than 18 years to determine Yates's sentence. There was no concession on this point by the defendant, nor any stipulation on the issue. Therefore the determination of the real or effective state sentence had to be supported by evidence. *See Redman,* 35 F.3d at 439 (determination that defendant would serve only three years of a one to 15–year sentence was "[b]ased on evidence submitted by Utah state officials...." (emphasis added)). Here, however, the record contains no evidence to support the district judge's assumption that Yates's real or effective state sentence will be 12 years. The government presented no evidence that Yates would serve less than the full 18 years of his state sentence. Therefore, we are convinced that the district judge clearly erred in making that assumption. *See United States v. Shewmaker,* 936 F.2d 1124, 1126 (10th Cir.1991),

*cert. denied,* 502 U.S. 1037, 112 S.Ct. 884, 116 L.Ed.2d 788 (1992).

Consequently, here, the imposition of the consecutive sentence, on this record and without sufficient justification, was error, and we remand for resentencing. The district judge may hold an additional hearing if he wishes and permit evidence to be offered to show the "real or effective sentence" in accord with *Whiting.* Based on the preponderance of the evidence, *see United States v. Underwood,* 982 F.2d 426, 429 (10th Cir. 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 3043, 125 L.Ed.2d 729 (1993), the judge may then make a finding on the likely "real or effective sentence" to be served. The judge should state his findings thereon and explain his rationale in determining the reasonable incremental punishment under USSG § 5G1.3(c).[15] The trial judge must make such findings on the basis of the evidence before him, including pertinent state statutes and regulations, not relying on an "educated guess" as to the length of Yates's state incarceration. *See Brewer,* 23 F.3d at 1320.

Yates also contends that the consecutive federal sentence imposed by the district judge violates principles of comity and federalism. Appellant's Brief-in-Chief at 16–17. Specifically, he asserts that by imposing a consecutive sentence, the district judge "overrode and abrogated that aspect of the state judge's sentence that ordered the state sentence to run at the same time as the federal sentence." *Id.* at 16. Yates argues that

14. In *Brewer,* the government asserted that the defendant was challenging the district court's finding that he would probably serve no more than 24 months of his state sentence. Therefore, the government argued, the standard of review was the clearly erroneous standard. However, Brewer contended, and the Eighth Circuit agreed, that the issue was "a challenge to the district court's application of the guidelines," 23 F.3d at 1320, and was therefore reviewed de novo.

We agree that review of a district judge's application of the sentencing guidelines is de novo. *See Johnson,* 40 F.3d at 1082. However, the determination of a defendant's real or effective sentence is a factual component of the application of § 5G1.3(c). This factual determination is subject to the clearly erroneous standard, whereas the *application* of § 5G1.3 *using* this fact is a legal question subject to de novo review. *See*

*Johnson,* 40 F.3d at 1082. We believe *Brewer's* position on the appropriate standard of review is consistent with this analysis.

15. We note that the district court retains discretion to depart from the methodology of § 5G1.3(c). *Johnson,* 40 F.3d at 1084. "However, if [the] district court departs from the analysis required by § 5G1.3(c), it must explain its rationale for doing so." *Id. See also United States v. Brassell,* 49 F.3d 274, 278–79 (7th Cir.1995); *Brewer,* 23 F.3d at 1321.

We note that the guideline range for Yates's reasonable incremental punishment has been accepted by the district judge as 210–262 months, and on remand if he remains of this view, the judge will have the discretion to impose a partially consecutive federal sentence so long as the total imprisonment does not exceed 262 months. *See Whiting,* 28 F.3d at 1311.

"principles of comity and federalism should operate to prevent a federal order that abrogates a state judge's order if at all possible." *Id.*

We do not dispute that comity and federalism are important values within our justice system. *See Younger v. Harris,* 401 U.S. 37, 43–45, 91 S.Ct. 746, 750–51, 27 L.Ed.2d 669 (1971). Here, however, the federal district judge was applying the federal sentencing guidelines as he was required to do. *See United States v. Jones,* 907 F.2d 456, 462 (4th Cir.1990), *cert. denied,* 498 U.S. 1029, 111 S.Ct. 683, 112 L.Ed.2d 675 (1991); 18 U.S.C. § 3553(b). Under the Supremacy Clause, U.S. Const., Art. VI, cl. 2, the guidelines must control over the wishes expressed in the order of the state court judge. Therefore, Yates's contention that the federal district judge should be prevented from "abrogating" the state judge's order must fail.

Accordingly, we remand the case with directions that the district judge vacate the sentence; that he hold a further hearing on sentencing if he determines he should do so; and that he resentence the defendant in accord with this opinion.