78 F.3d 589
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Leonard C. GRACE, also known as Leonard Grice, Appellant,
UNITED STATES of America, Appellee,
v.
Leonard Charles GRACE, Appellant.
 No. 95-2964.
 United States Court of Appeals, Eighth Circuit.
 Submitted Feb. 20, 1996.
Filed Feb. 29, 1996.
 
 Appeal from the United States District Court for the District of Nebraska.
 Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Leonard C. Grace appeals the 30-month sentence imposed by the District Court[1] after he pleaded guilty to uttering counterfeit government obligations, namely, Department of Navy checks, in violation of 18 U.S.C. § 472 (1988). For reversal, Grace argues the District Court erred by sentencing him under U.S.S.G. § 5G1.3(c), as opposed to U.S.S.G. § 5G1.3(b), and by denying his U.S.S.G. § 5K2.0 departure motion. We affirm.
 
 
 2
 On November 18, 1993, Grace pleaded guilty to the instant offenses. The next day, he received a 20-to-60 month sentence of imprisonment in Nebraska state court for attempted theft of services: Grace had obtained a $19,000 double-bypass heart operation, after falsely representing he had medical insurance coverage. After being granted a continuance of his sentencing for the instant offenses, so that Grace could pursue educational opportunities while in state custody, Grace appeared for sentencing in June 1995. At that time, Grace moved for sentencing under U.S.S.G. § 5G1.3(b),[2] arguing that the sentences for the instant offenses should be made to run concurrently to the undischarged term of his Nebraska sentence. Grace also moved for a downward departure under U.S.S.G. § 5K2.0. The District Court denied Grace's section 5G1.3(b) motion, finding that subsection (b) was inapplicable, and sentenced him instead under U.S.S.G. § 5G1.3(c), p.s.[3] The District Court also denied Grace's departure motion, and imposed a sentence of 30 months imprisonment to run consecutively to his undischarged state sentence and three years supervised release, and ordered him to pay $21,953.39 in restitution. Sentencing Transcript at 31, 49.
 
 
 3
 We review a District Court's application of section 5G1.3 de novo. United States v. Brewer, 23 F.3d 1317, 1320 (8th Cir.1994). Sentencing courts must follow the procedures set out in section 5G1.3 and impose a sentence accordingly. United States v. Gullickson, 981 F.2d 344, 349 (8th Cir.1992). We conclude the District Court correctly determined subsection (b) did not apply, and applied subsection (c) instead. The Nebraska offense, which was separate and distinct from the instant offenses, was not figured into Grace's offense level: the recommended amount of loss was based solely on the counterfeit Department of Navy checks Grace issued. See U.S.S.G. § 5G1.3, comment. (n.2) (subsection (b) addresses cases in which conduct resulting in undischarged term of imprisonment has been fully taken into account under § 1B1.3 (relevant conduct) in determining offense level for instant offense). We reject as meritless Grace's assertion that the Nebraska offense was included in his offense level because the hospital actually suffered a loss of zero, given Nebraska law prohibiting the "dumping" of patients who are unable to pay for medical care.
 
 
 4
 Because the record shows the District Court was aware of its authority to depart under section 5K2.0, the District Court's refusal to do so is an unreviewable exercise of discretion. See United States v. Edgar, 971 F.2d 89, 92-93 (8th Cir.1992).
 
 
 5
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska
 
 
 [2]
 Section 5G1.3(b) provides that, if "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment." If subsection (b) is applicable, the court must credit the defendant for time served in state custody. See U.S.S.G. § 5G1.3, comment. (n.2)
 
 
 [3]
 Section 5G1.3(c), p.s., provides that, if neither subsection (a) nor (b) applies, "the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense." Subsection (a) does not apply here. See U.S.S.G. § 5G1.3(a) (if instant offense was committed while defendant was serving term of imprisonment, or after sentencing but before commencing such term of imprisonment, district court must impose sentence for instant offense consecutively to undischarged term of imprisonment)