_____

No. 96-1595
_____

United States of America,      *
                               *
          Appellee,            *
                               *  Appeal from the United States
     v.                        *  District Court for the
                               *  Northern District of Iowa
Lon Michael Caslavka,          *
                               *      [UNPUBLISHED]
          Appellant.           *

_____

Submitted:  December 3, 1996

Filed:  December 17, 1996
_____

Before McMILLIAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit
     Judges.
_____

PER CURIAM.


     Lon Michael Caslavka pleaded guilty to income tax evasion in
violation of 26 U.S.C. § 2601, and making a false statement to a
federally-insured financial institution in violation of 18 U.S.C.
§ 1014.   The United States District Court[1] for the Northern
District of Iowa imposed a sentence of two concurrent 21-month
terms of imprisonment, 3 years supervised release, and $15,000
restitution.  Caslavka appeals.  Counsel has filed a brief pursuant
to Anders v. California, 386 U.S. 738 (1967).  We granted Caslavka
leave to file a pro se supplemental brief, which he has not done.
For the reasons discussed below, we affirm.


     At the time Caslavka committed the federal offenses, he was
on probation for a 1988 state conviction.   In 1993, a jury

_____

     [1]The Honorable Michael J. Melloy, Chief Judge, United States
District Court for the Northern District of Iowa.

convicted Caslavka in state court of first-degree theft in connection with money Caslavka had misappropriated. As a result of that theft conviction, the Iowa state court revoked Caslavka's probation, and he served 14 months imprisonment before the Iowa Supreme Court reversed his theft conviction. See State v. Caslavka, 531 N.W.2d 102 (Iowa 1995).

At sentencing following his guilty plea to the federal charges (and while he was on parole for the 1988 state conviction), Caslavka sought "some type of credit" for the 14 months he served as a result of the overturned state theft conviction. He argued that the district court should depart downward by 14 months, or should consider applying U.S. Sentencing Guidelines Manual § 5G1.3(b) (1995) (concurrent sentences shall be imposed where undischarged term of imprisonment resulted from offense fully taken into account in instant offense level) and application note 2 (providing for adjusted concurrent sentence in subsection (b) cases).

The district court rejected the request for a downward departure. The district court also found Guidelines § 5G1.3(b) was inapplicable. The district court stated that different (although perhaps intertwined) conduct formed the basis for the theft charge and the federal charges; and even if the probation revocation rested on conduct underlying the federal charges, application note 6 (providing for consecutive sentence where probation has been revoked)--rather than application note 2--would apply.

We may review a district court's refusal to depart downward only if the refusal "is premised on the belief that the court lacked the authority to [depart]." United States v. Jenkins, 78 F.3d 1283, 1290 (8th Cir. 1996). Otherwise, a district court's refusal to exercise its discretion and depart is unreviewable. Id. We conclude that the record as a whole indicates that the district court's decision not to depart was premised ultimately on its

-2-

belief that the facts of this case did not warrant a departure. Thus, the court's decision is unreviewable.  See United States v. Bieri, 21 F.3d 811, 818 (8th Cir.), cert. denied, 115 S. Ct. 208 (1994).

We review de novo the district court's application of Guidelines § 5G1.3.  United States v. Brewer, 23 F.3d 1317, 1320 (8th Cir. 1994).  We agree with the district court that, because Caslavka's offense level for tax evasion and false statements did not take into account the separate but related offense of theft which led to his serving 14 months in state prison, Guidelines § 5G1.3(b) did not apply.  Furthermore, because the overturned theft conviction was not included in the calculation of Caslavka's criminal history score, and the time served in state prison resulted from probation revocation, we conclude the district court properly declined to make the federal sentence concurrent with the state sentence.  See U.S. Sentencing Guidelines Manual § 5G1.3(c) & comment. (n.6) (1995).

Having carefully reviewed the record, we find no other nonfrivolous issues for appeal.  See Penson v. Ohio, 488 U.S. 75, 80 (1988).  Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-