# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2144

_____

United States of America,       *
                                 *

         Appellee,       *

                                 *   Appeal from the United States

     v.                  *   District Court for the

                               *   Northern District of Iowa.

Coolidge Lee Durham,       *

                               *   [UNPUBLISHED]

         Appellant.     *

_____

Submitted: April 5, 2001
Filed: April 10, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

After Coolidge Lee Durham pleaded guilty to distributing crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), the district court[1] determined Durham was a career offender and imposed a sentence of 180 months imprisonment-- consecutive to an undischarged Iowa sentence Durham was serving for forgery--and 5 years supervised release. He appeals his sentence, and we affirm.

_____

[1] The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa.

Durham first argues that the district court erred by failing to consider all the required factors before deciding to impose his federal sentence consecutive to the undischarged Iowa sentence. This argument is belied by the record. The court noted the minor nature of Durham's instant offense (involving 1-2 grams of crack), his long history of criminal activity, the severity of his prior crimes, his rate of recidivism, the fact that the court's sentence would keep him imprisoned until he was nearly 60 years old, the time remaining on the Iowa sentence, his need for substance-abuse treatment, and the court's belief that a shorter consecutive sentence (i.e., 8 months below the top of the applicable Guidelines range) would reflect an incremental punishment better than a longer concurrent sentence. We conclude the court properly applied U.S.S.G. § 5G1.3(c), p.s. See United States v. Lange, 146 F.3d 555, 556 (8th Cir. 1998) (reviewing application of § 5G1.3(c) de novo); U.S.S.G. § 5G1.3, comment. (n.3) (describing factors).

Durham next argues that the court double-counted his prior convictions by taking them into account in assigning him career-offender status, and then again when imposing the consecutive sentence. We review this argument, raised for the first time on appeal, only for plain error, see United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc), and conclude no plain error occurred here, see United States v. Hipenbecker, 115 F.3d 581, 583 (8th Cir. 1997) (explaining what constitutes impermissible double-counting). The Commission directed district courts to consider a defendant's criminal history under both sections 4B1.1. and 5G1.3, which concern separate sentencing notions. See U.S.S.G. §§ 4B1.1 (career-offender status is based on prior felony convictions), 5G1.3, comment. (n.3) (directing sentencing court to consider, inter alia, factors enumerated in 18 U.S.C. § 3553(a), which include defendant's history).

Finally, citing United States v. Brewer, 23 F.3d 1317, 1321-22 (8th Cir. 1994), Durham complains that the district court improperly speculated about the date he would be discharged from his Iowa sentence. Durham's reliance on Brewer is misguided. In

Brewer, we held that the district court erred in making an "educated guess" as to the date Brewer would be released on his undischarged state sentence because section 5G1.3 commentary at that time required district courts to impose a reasonable incremental combined punishment, as would be imposed if the undischarged sentence were treated as a federal sentence imposed at the same time as the sentence for the instant offense. See Brewer, 23 F.3d at 1320. The commentary to section 5G1.3(c) has since been changed, however, and district courts are no longer required to make such a determination. Further, Durham did not contest the PSR's finding as to his discharge date, and in fact reaffirmed it at sentencing. See United States v. Beatty, 9 F.3d 686, 690 (8th Cir. 1993) (district court may accept as true unobjected-to portions of PSR); United States v. Dailey, 918 F.2d 747, 748 (8th Cir. 1990) (this court may consider as waived issues to which parties stipulated at sentencing).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-