**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

GARY J. QUIRK,

      Defendant–Appellant.

No. 11-3074
(D.C. No. 2:10-CR-20033-KHV-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **BALDOCK**, and **LUCERO**, Circuit Judges.

Gary Quirk pled guilty to possessing a firearm as a felon, and was sentenced to 30 months' imprisonment. He challenges the district court's denial of his motion to dismiss based on pre-indictment delay and its decision to run his federal sentence consecutive to a state sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

On June 24, 2008, Kansas law enforcement officials apprehended Quirk for possessing a firearm in violation of the conditions of his state parole. Kansas revoked Quirk's parole and reincarcerated him, setting an estimated release of July 1, 2011. Although federal authorities knew of the charged conduct in June 2008, they waited 20 months to seek an indictment due to "the press of business." On February 25, 2010—nearly two years after Quirk's arrest—a federal grand jury indicted him on charges arising out of his possession of the same firearm.

Quirk moved to dismiss the indictment, arguing that the pre-indictment delay violated his constitutional rights. The district court denied the motion following a hearing. Quirk then pled guilty and was sentenced to 30 months' federal imprisonment to run consecutive to his state sentence. On appeal, Quirk challenges both his sentence and the district court's denial of his pre-indictment delay motion.

## II

Although the Sixth Amendment requires that a defendant receive a speedy trial after being formally accused, it is the Due Process Clause of the Fifth Amendment that protects against oppressive delay prior to indictment. See United States v. Marion, 404 U.S. 307, 324-25 (1971). Quirk acknowledges that the Fifth Amendment is applicable here, but nevertheless contends, as he did below, that the Sixth Amendment speedy trial factors elaborated in Barker v. Wingo, 407 U.S. 514 (1972), and Doggett v. United

States, 505 U.S. 647 (1992), provide the proper framework for assessing his claim.  As this court has explained, however, Barker's Sixth Amendment analysis, "is not triggered until an accused is formally charged or arrested."  United States v. Johnson, 120 F.3d 1107, 1109 (10th Cir. 1997) (holding that a defendant alleging pre-indictment delay cannot rely on Barker).  Thus, neither Barker nor Doggett applies.

To show that the government violated the Fifth Amendment by delaying his indictment, Quirk must instead demonstrate "both that the delay caused actual prejudice and that the government delayed purposefully in order to gain a tactical advantage." Johnson, 120 F.3d at 1110.  Applying this test, the district court determined that Quirk could not show how the delay had actually prejudiced him or that the government acted in bad faith.  We review the court's decision for clear error.  United States v. Trammell, 133 F.3d 1343, 1351 (10th Cir. 1998).

Quirk did not present any evidence to the district court that the government intentionally delayed charging him to gain tactical advantage.  Nor does he dispute on appeal that the government delayed due to the "press of business."  Indeed, Quirk recognizes that although "[t]he case was certainly not diligently prosecuted . . . neither did the Government blatantly exercise bad faith."  He takes the position that "this case falls somewhere in the 'middle ground' category of 'official negligence.'"

We agree that this case was not diligently prosecuted, but Quirk needs to show more than that to prevail.  Given Quirk's concession that the government did not intentionally delay prosecution, he cannot succeed on his Due Process claim.

**III**

Quirk also challenges the district court's decision to run his sentence consecutive to his state term of imprisonment. We review that decision for abuse of discretion. United States v. Yates, 58 F.3d 542, 543 (10th Cir. 1995). Quirk concedes that he has no right to have his sentences run concurrently. Further, the United States Sentencing Guidelines recommend imposing a consecutive sentence when the initial undischarged sentence resulted from a parole violation. U.S.S.G. § 5G1.3 app. n.3(C). The district court considered Quirk's plea to vary from that recommendation, but found no reason to grant the request. We cannot say that the court abused its discretion in so ruling.

**IV**

**AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge