**UNITED STATES of America, Appellee,**

v.

**Harlan Brent GULLICKSON, Appellant.**

**No. 92–1398.**

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 12, 1992.

Decided Dec. 8, 1992.

---

Stephen R. Miller, Sioux Falls, SD, argued, for appellant.

Michelle G. Tapken, Asst. U.S. Atty., Sioux Falls, SD, argued, for appellee.

Before MAGILL, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

MAGILL, Circuit Judge.

Harlan Brent Gullickson appeals the district court's order, requiring his 121–month federal sentence to run consecutively to previously imposed and unexpired state sentences. Gullickson argues that the district court erred by refusing to order his federal sentence to run concurrently with his state sentences in accordance with U.S.S.G. § 5G1.3(c) (Nov.1991). We vacate the sentence and remand for resentencing consistent with this opinion.

On December 10, 1990, Gullickson pleaded guilty in South Dakota state court to passing a forged instrument. The court suspended imposition of sentence and placed Gullickson on probation for eighteen months. On April 22, 1991, while still on probation,[1] Gullickson burglarized a home in Pickston, South Dakota. State authorities filed a complaint, charging Gullickson with the burglary on June 20, 1991. Two days later, Gullickson committed the federal crime of aggravated sexual abuse on the Yankton Sioux Indian Reservation. That

---

1. Gullickson's probation on the forgery charge was terminated on June 6, 1991.

same day, he was taken into custody by the Bureau of Indian Affairs (BIA) police for reservation misdemeanors arising out of this federal offense.

On August 14, 1991, state authorities filed an information, charging Gullickson with first degree burglary, and Gullickson was arraigned on this charge. Then, on August 28, a federal grand jury indicted Gullickson, charging him with aggravated sexual abuse in violation of 18 U.S.C. §§ 1153, 2241, and 2245(2)(C).

On September 1, having been in BIA custody since June 22, Gullickson was turned over to state authorities in connection with the April 22 burglary. Gullickson pleaded guilty to the charge on November 4, and the state court sentenced him to 120 months. The court also entered an adjudication of guilt and sentence for the December 10, 1990, forgery offense because Gullickson had committed the burglary while still on probation for the forgery. Gullickson received a forty-two-month concurrent sentence on the forgery conviction. The actual time Gullickson would serve for these offenses is seventy-eight months.[2]

On November 6, Gullickson was transferred to federal custody. Pursuant to a plea agreement, he pleaded guilty to aggravated sexual abuse. The presentence report (PSR) calculated his total offense level as 29 and his criminal history category as IV, yielding a sentencing range of 121 to 151 months. Gullickson requested that the court order his federal sentence to run concurrently with his state sentences. He argued that U.S.S.G. § 5G1.3(c) (Sentence Subject to Undischarged Term) mandated a concurrent sentence, leaving the sentencing court no discretion in the matter. The government contended that 18 U.S.C. § 3584(a) (Multiple Sentences) gave the court absolute discretion to determine whether to order the federal sentence to run concurrently with the state sentences. The district court denied the motion, relying on section 3584(a), and explained that the seriousness of the offense along with the fact that Gullickson committed it while on probation justified a consecutive sentence.

On appeal, Gullickson maintains that the district court erred by failing to follow U.S.S.G. § 5G1.3(c). He asserts that this provision required his federal sentence to run concurrently with his state sentences, unless the district court found grounds for an upward departure. The government argues that the district court correctly determined that a consecutive federal sentence was necessary to achieve a reasonable incremental punishment for the federal offense. The government also contends that the overall sentence may be sustained because Gullickson committed the federal offense while on probation for the forgery. Finally, the government maintains that, under section 3584(a), the district court retained discretion to impose a consecutive sentence here.

 We review the district court's application of the guideline and relevant statutes de novo. *United States v. West*, 942 F.2d 528, 530 (8th Cir.1991); *United States v. Werlinger*, 894 F.2d 1015, 1016 (8th Cir. 1990). Absent Ex Post Facto Clause concerns, the guidelines in effect on the date of sentencing apply. *See, e.g., United States v. Edgar*, 971 F.2d 89, 93 n. 4 (8th Cir.1992). Gullickson was sentenced on February 10, 1992. Therefore, the 1991 version of section 5G1.3, which governs imposition of a sentence on a defendant subject to an undischarged term of imprisonment, applies.

 Section 5G1.3(c) provides in part that "the sentence for the instant offense shall be imposed to run consecutively to the prior unexpired term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense." Application note four directs the sentencing court to determine the total punishment for all the offenses as if U.S.S.G. § 5G1.2 were applicable. After determining this total punishment, "[t]o the extent practicable, the court shall impose a

---

**2.** Gullickson's total state sentence is 120 months, but he will receive 42 months "good time" credit, leaving 78 months to serve.

sentence for the instant offense that results in a combined sentence that approximates the total punishment that would have been imposed under § 5G1.2 ... had all the offenses been federal offenses for which sentences were being imposed at the same time." U.S.S.G. § 5G1.3, comment. (n. 4).

Section 5G1.2(b) (Sentencing on Multiple Counts) instructs the court to determine the total punishment in accordance with Part D of Chapter 3 (Convictions on Multiple Counts), where, as here, none of the offenses have a statutorily mandated consecutive sentence. Pursuant to U.S.S.G. Ch. 3, Pt. D, intro. comment., in cases involving multiple, unrelated crimes, such as independent instances of assault, the calculation should "start with the offense level for the most serious count and use the number and severity of additional counts to determine the amount by which to increase that offense level." Gullickson's offenses involved separate harms; therefore, each offense becomes a separate group for purposes of calculating his combined offense level. Then, following the rules set out in U.S.S.G. § 3D1.4(a)–(c), the combined offense level is determined taking the offense with the highest base offense level and increasing it as indicated under section 3D1.4(c).

The base offense level for the aggravated sexual abuse offense was 31. If prosecuted federally, the base offense level for the burglary would be 17, see U.S.S.G. § 2B2.1(a), and the base offense level for the forgery would be 6. See U.S.S.G. §§ 2B5.2, 2F1.1. For purposes of determining the combined offense level, an offense with a base offense level nine or more levels less serious than the offense with the highest base offense level is disregarded. U.S.S.G. § 3D1.4(c). Because the base offense levels for Gullickson's burglary and forgery offenses are more than nine levels lower than the base offense level for aggravated sexual abuse, they do not increase Gullickson's combined offense level. These offenses may, however, provide the court with a reason to sentence Gullickson at the higher end of the sentencing range. *See* U.S.S.G. § 3D1.4(c).[3]

The next step is to apply any adjustments to the offense level. Gullickson received a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). Therefore, his final adjusted offense level is 29, which, combined with his criminal history category of IV, yields a sentencing range of 121 to 151 months. Under section 5G1.3(c), the district court should have imposed a sentence for Gullickson's federal offense that, when combined with his state sentence, would approximate this total punishment. The district court ordered a consecutive sentence, however, and Gullickson's combined sentence for the state and federal offenses is 199 months.

Section 5G1.3(c) authorizes a court to order a sentence to run consecutively to prior unexpired sentences "to the extent necessary to achieve a reasonable incremental punishment for the instant offense." Application of section 5G1.3(c) "is intended to result in an appropriate incremental punishment for the instant offense that most nearly approximates the sentence that would have been imposed had all the sentences been imposed at the same time." U.S.S.G. § 5G1.3, comment. (backg'd). "If the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise required by law." U.S.S.G. § 5G1.2(c). Consecutive sentences may be

---

**3.** The government disagrees with the calculation of the total punishment to which Gullickson would be subject under section 5G1.2. The government points out that section 5G1.3 application note four states that when a "defendant is serving a term of imprisonment for a state offense, the information available may permit only a rough estimate of the total punishment that would have been imposed under the guidelines." The government claims the offense level for the state burglary offense cannot be determined accurately because Gullickson's actions toward the victim, which could cause an increase in the offense level, were in dispute. We do not agree. At sentencing, the district court found that Gullickson did not assault the victim of the burglary. Consequently, the record does allow for an accurate determination of the offense level for the burglary.

necessary to produce a combined sentence equal to the total punishment "[i]f the total punishment exceeds the highest statutory maximum." *United States v. Joetzki*, 952 F.2d 1090, 1097 (9th Cir.1991). Here, however, the federal offense for which Gullickson was sentenced carried a statutory maximum of life. *See* 18 U.S.C. § 2241(a)(2). Accordingly, a consecutive sentence is not necessary to allow imposition of a sentence within the total punishment range of 121 to 151 months, and sections 5G1.2(c) and 5G1.3(c) indicate that a concurrent federal sentence is appropriate here.

■ The government points out that the guideline directs sentencing courts to "consider whether the offense was committed while the defendant was on bail or other release status from another offense." U.S.S.G. § 5G1.3(c), comment. (n. 4). If so, "a reasonable incremental penalty appropriately would include an additional enhancement equivalent to that provided in § 2J1.7 (Commission of Offense While on Release)." *Id.* The government argues that this note applies because Gullickson committed the federal offense while on probation for the state forgery offense and that probation constitutes "release status." The three-level increase would raise Gullickson's sentencing range to 168 to 210 months, and the combined 199–month sentence imposed by the district court would fall within this range.

We reject this argument. Section 2J1.7 provides for a three-level increase to an offense level, "[i]f an enhancement under 18 U.S.C. § 3147 applies." The statute mandates an enhanced sentence for "[a] person convicted of an offense committed while released under this chapter...." 18 U.S.C. § 3147. The chapter in which section 3147 appears is Chapter 207 of Title 18, which governs release of defendants

pending trial, sentencing, or appeal. *See* 18 U.S.C. §§ 3141–3143. Gullickson's status as a probationer does not fall within any of these categories. We therefore conclude that Gullickson was not on release status when he committed the federal crime, and he is not subject to the section 2J1.7 increase.[4]

■ The government next contends that 18 U.S.C. § 3584(a) authorized the district court to order the federal sentence to run consecutively to the unexpired state sentences notwithstanding U.S.S.G. § 5G1.3(c). The plain language of section 3584(a), read in isolation, appears to support this argument because it grants district courts discretion to order either consecutive or concurrent sentences when sentencing a defendant already subject to an unexpired term of imprisonment.[5] Section 3584(a), however, does not exist in a vacuum. Section 3584(b) places limits on this discretion by providing that "[t]he court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider ... the factors set forth in section 3553(a)." Section 3553(a)(4) states that courts must consider "the kinds of sentences and the sentencing range ... set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(1) ... (Duties of the Commission)." The Sentencing Commission issued U.S.S.G. § 5G1.3 under the authority of 28 U.S.C. § 994(a)(1)(D). Pursuant to 28 U.S.C. § 994(b)(1), however, the Commission must make the guidelines consistent with Title 18, including section 3584. We must attempt to interpret these provisions in a manner that gives effect to them all, if possible. *See Mountain States Tel. & Tel. Co. v. Santa Ana*, 472 U.S. 237, 249–50, 105 S.Ct. 2587, 2594–95, 86 L.Ed.2d 168 (1985); *United States v. Menasche*, 348

---

**4.** We also note that the fact that Gullickson committed this crime while on probation for the state forgery offense was taken into account in the calculation of his criminal history score. The PSR added two points to Gullickson's score for committing a crime "while under any criminal justice sentence, including probation...." U.S.S.G. § 4A1.1(d). (PSR ¶ 24.)

**5.** Section 3584(a) provides in relevant part that multiple terms of imprisonment "may run concurrently or consecutively." Some circuits have adopted the government's position and have held earlier versions of U.S.S.G. § 5G1.3 incompatible with section 3584(a) to the extent the guideline removed or limited the discretion granted by the statute. *See, e.g., United States v. Wills*, 881 F.2d 823, 826 (9th Cir.1989).

U.S. 528, 538–39, 75 S.Ct. 513, 519–20, 99 L.Ed. 615 (1955).

We have previously noted the existence of a potential conflict between the guideline and the statute, but found it unnecessary to resolve the issue. *United States v. Creed*, 897 F.2d 963, 965 (8th Cir.1990); *United States v. Smitherman*, 889 F.2d 189 (8th Cir.1989), *cert. denied*, 494 U.S. 1036, 110 S.Ct. 1493, 108 L.Ed.2d 629 (1990). A number of courts have addressed this issue, and the majority have concluded that section 3584 and U.S.S.G. § 5G1.3 can be harmonized. *See, e.g., United States v. Shewmaker*, 936 F.2d 1124, 1127–28 (10th Cir.1991), *cert. denied*, ⎯⎯ U.S. ⎯⎯, 112 S.Ct. 884, 116 L.Ed.2d 788 (1992); *United States v. Stewart*, 917 F.2d 970, 972–73 (6th Cir.1990); *United States v. Miller*, 903 F.2d 341, 345–49 (5th Cir.1990); *United States v. Rogers*, 897 F.2d 134, 136–37 (4th Cir.1990); *United States v. Fossett*, 881 F.2d 976, 980 (11th Cir.1989).[6] These courts hold that "§ 5G1.3 is reconcilable with 18 U.S.C. § 3584(a) because § 5G1.3 does not preclude a court from departing from the Guidelines." *Shewmaker*, 936 F.2d at 1127; *see also Miller*, 903 F.2d at 349; *Rogers*, 897 F.2d at 137; *Fossett*, 881 F.2d at 980. The Ninth Circuit, which had held to the contrary in *Wills*, recently adopted this view and requires district courts to follow guidelines departure procedures to impose consecutive rather than overlapping sentences under U.S.S.G. §§ 5G1.2 and 3D1.2. *See United States v. Pedrioli*, 931 F.2d 31, 32 (9th Cir.1991).

Additionally, as the Ninth Circuit recognized:

Reading § 3584(a) to provide the district court with absolute discretion to ignore the guidelines would thus render nugatory the guidelines' recommendations as to when sentences should run concurrently or consecutively. It would also work to reintroduce sentencing disparities that the guidelines seek to reduce. In light of the fact that § 3584(a) was passed along with the enabling legislation for the guidelines, we should not presume that Congress intended that section to provide district courts with sentencing discretion to ignore the guidelines.

*Pedrioli*, 931 F.2d at 33.

This approach follows long standing rules of statutory construction. "When general and specific statutory provisions apparently contradict, it is well-established that the two may exist together, the specific provision qualifying or limiting the general. In this instance, Guideline § 5G1.3, enacted pursuant to 28 U.S.C. § 994, merely qualifies § 3584(a) by requiring the court to consider Guideline departure" before deviating from a sentence mandated by section 5G1.3. *Shewmaker*, 936 F.2d at 1128 (citations omitted).

We adopt the majority view and hold that sentencing courts do not have discretion, under section 3584(a), to ignore section 5G1.3(c). Sentencing courts, therefore, must follow the procedures set out in the guideline and impose sentence accordingly. A sentencing court may, however, exercise discretion under section 3584(a) and depart from the sentencing range established by section 5G1.3(c) when sufficient justification exists. In determining whether sufficient justification for departure exists, district courts must follow usual guidelines procedures. *See Rogers*, 897 F.2d at 137 ("[i]n some cases, the particular guideline at issue may suggest circumstances or factors that, if present, may provide the basis for departure."); 18 U.S.C. § 3553(b), (c); U.S.S.G. § 4A1.3; U.S.S.G. Ch. 5, Pt. K.

Accordingly, we vacate Gullickson's sentence and remand for resentencing. On remand, the sentencing court shall: (1) select Gullickson's sentence from the 121– to 151–month range, keeping in mind that, absent departure, this sentence reflects Gullickson's total punishment for both the state and federal offenses; or (2) determine whether there is sufficient justification to exercise discretion under section 3584(a) by departing from the guideline sentencing

---

**6.** These cases all involved prior versions of section 5G1.3. They are instructive, however, because they address the issue of whether the guideline may limit the discretionary authority granted the district courts by section 3584(a).

range. If sufficient justification for departure does not exist, the court shall order the federal sentence to run concurrently to the state sentences Gullickson is now serving. If sufficient justification for departure does exist, the court may order the federal sentence to run consecutively to the state sentences to the extent it deems necessary.