**UNITED STATES of America, Appellee,**

v.

**Greg Robert LYONS, Appellant.**

**No. 94–2614.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 10, 1995.

Decided Feb. 15, 1995.

Virginia Villa, Federal Public Defender, Minneapolis, MN, for appellant.

Andrew Dunne, Asst. U.S. Atty., Minneapolis, MN, for appellee.

Before FAGG, MAGILL, and BEAM, Circuit Judges.

PER CURIAM.

Greg Robert Lyons appeals his fifteen-year sentence imposed by the district court[1] after he pleaded guilty to one count of bank robbery and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 2113(a). We affirm.

Lyons attempted a series of bank robberies in Minnesota in early October 1991. After Lyons successfully robbed one bank, he made his way to Reno, Nevada, where he burglarized a residence on October 28 and obtained over $250,000 in personal property, including three revolvers. Lyons returned to Minnesota and was arrested there on November 20, 1991, after throwing one of the stolen revolvers out the window of his vehicle as police were pursuing him. Lyons was convicted of burglary and grand larceny in Nevada in March 1992, and received consecutive ten-year and five-year state sentences. While incarcerated in Nevada, Lyons contacted the FBI and admitted to committing the Minnesota bank robbery. Lyons was taken into federal custody in August 1993.

The parties agreed to a recommended base offense level of 33 based on Lyons' status as an armed career criminal, a three-level reduction for acceptance of responsibility, a criminal history category of VI, a guidelines range of 168 to 210 months imprisonment, and a statutory mandatory minimum of 15 years (or 180 months). The government agreed to recommend that Lyons' sentence be imposed to run concurrently with his Nevada sentence. Lyons, however, believed that his federal sentence should run concurrently with the entire state sentence under U.S.S.G. § 5G1.3(b)[2] because his Nevada offenses and his possession of firearms arose out of a single course of conduct, and he should be given credit for time already served in state custody. The government

1. The Honorable Diana E. Murphy, then Chief Judge, United States District Court for the District of Minnesota, now United States Circuit Judge.

2. Section 5G1.3(b) provides that, if "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment." The commentary to this section directs the court to "adjust for any term of imprisonment already served as a result of the conduct taken into account in determining the sentence for the instant offense" and credit the defendant for time served in state custody. U.S.S.G. § 5G1.3, comment. (n. 2).

argued that section 5G1.3(c)[3] applied instead: Lyons' federal and state sentences should run concurrently, but Lyons should not be given credit for time already served in state custody. At sentencing, the court agreed with the government, applied section 5G1.3(c), and imposed two concurrent fifteen-year prison terms to be served concurrently with the remainder of Lyons' state sentence.

On appeal, Lyons argues the district court erred in failing to sentence him under section 5G1.3(b). We review the district court's application of section 5G1.3 de novo. *United States v. Brewer*, 23 F.3d 1317, 1320 (8th Cir.1994) (citing *United States v. Gullickson*, 981 F.2d 344, 346 (8th Cir.1992)). Sentencing courts must follow the procedures set out in section 5G1.3 and impose a sentence accordingly. *Gullickson*, 981 F.2d at 349. We conclude the district court correctly determined subsection (b) did not apply. Although that subsection allows adjustment for any prison time already served as a result of conduct fully taken into account in determining the sentence for the instant offense, Lyons' base offense level was solely the result of his armed-career-criminal status, and the Nevada offenses were not considered in the offense-level calculation. In addition, applying subsection (b) would defeat the goal of reasonable incremental punishment for the instant offenses. The district court's application of subsection (c)—making Lyons' federal sentence concurrent with the *remainder* of his unexpired state sentence—achieved the desired result of giving him some sentencing credit for the overlap in his state and federal offense conduct, and also of imposing some incremental punishment for the instant offenses.

Accordingly, the judgment is affirmed.

---

**3.** Section 5G1.3(c) (Policy Statement) provides that, in any case not covered by subsections (a) and (b), "the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense." The commentary provides that, in some cases, "such incremental punishment can be achieved by the imposition of a sentence that is concurrent with the remainder of the unexpired term of imprisonment." U.S.S.G. § 5G1.3, comment. (n. 3).