48 F.3d 1225
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Odell SNEED, Appellant.
 No. 94-3155.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 21, 1995.
Filed: Feb. 28, 1995.
 
 Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Odell Sneed pleaded guilty to a two-count superseding information charging him with conspiring to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 371, and with using the telephone to facilitate a cocaine conspiracy, in violation of 21 U.S.C. Sec. 843(b). The district court[1] grouped the two counts, calculated a Guidelines sentencing range of 87 to 108 months, and sentenced Sneed to 98 months in prison and three years of supervised release. Sneed appeals his sentence. We affirm.
 
 
 2
 The maximum prison sentence for Sneed's conspiracy offense was five years, see 18 U.S.C. Sec. 371, and the maximum prison sentence for his conspiracy-facilitation offense was four years. See 21 U.S.C. Sec. 843(c). Sneed argued at sentencing that the district court had discretion to impose concurrent sentences on the two counts under 18 U.S.C. Sec. 3584(a) (if multiple terms of imprisonment are imposed on defendant at same time, terms may run concurrently or consecutively).
 
 
 3
 In response, the court drew Sneed's attention to U.S.S.G. Sec. 5G1.2(d), a Guideline provision addressing multiple-count sentencing, which states in relevant part: "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment."[2] The district court also noted that, in United States v. Gullickson, 981 F.2d 344, 349 (8th Cir. 1992), this court held that sentencing courts do not have discretion under section 3584(a) to ignore U.S.S.G. Sec. 5G1.3(c) (a Guideline provision addressing sentencing procedures for defendants subject to a prior undischarged term of imprisonment). The court stated further that, assuming it had the discretion to impose concurrent sentences, it would not exercise that discretion in this case.
 
 
 4
 For reversal, Sneed argues the court erroneously held that it lacked discretion to depart downward and impose concurrent sentences on his two counts. He relies on our conclusion in Gullickson, 981 F.2d at 349, that a sentencing court may exercise discretion under section 3584(a) and depart from the range set by section 5G1.3(c) when sufficient justification exists.
 
 
 5
 We also held in Gullickson, however, that sentencing courts must follow the usual procedures for determining when a downward departure is authorized. 981 F.2d at 349. Upon our review of the sentencing transcript, we do not think Sneed has shown that the district court believed it lacked discretion to entertain a downward-departure motion as contemplated in Gullickson. In any event, the court's remarks make it clear that it would not have departed.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE GARNETT THOMAS EISELE, United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 Commentary explains that "total punishment" is the combined length of the sentences, which is determined by the adjusted combined offense level. U.S.S.G. Sec. 5G1.2, comment.; see also U.S.S.G. Secs. 3D1.1-3D1.5 (grouping provisions)