**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John C. MARSANICO, Defendant–
Appellant.**

No. 94–3585.

United States Court of Appeals,
Eighth Circuit.

Submitted April 11, 1995.

Decided Aug. 3, 1995.

Nancy Graven, Springfield, MO, argued, for appellant.

Douglas C. Bunch, Springfield, MO, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, MURPHY, Circuit Judge, and DAVIS,[1] District Judge.

DAVIS, District Judge

John Marsanico appeals the district court's sentence of 21 months to run consecutively with a 41 month sentence imposed by the United States District Court for the Western District of Washington. Marsanico argues that the district court erred by imposing a sentence at the top of the guideline range and in ordering the term of imprisonment to run consecutively to his undischarged Washington sentence. We vacate the sentence and remand for resentencing consistent with this opinion.

On September 30, 1992, Marsanico was sentenced to a prison term of 41 months in the United States District Court, Western District of Washington on two counts of wire fraud, with an approximate loss of $542,921. At the time of sentencing, Marsanico's total offense level was calculated at 20, with a Criminal History Category of I, which provided for an imprisonment range of 33–41 months.

On March 10, 1993, a Criminal Complaint was filed in the United States District Court for the Eastern District of New York, charging Marsanico with bank fraud against the National Westminister Bank, resulting in a loss of $176,067.83. The conduct which formed the basis of the Complaint occurred between June 1, 1988 and September 30, 1989, which predates the conduct which formed the basis for the first conviction. At the time the Complaint was filed, Marsanico was incarcerated at the United States Medical Center for Federal Prisoners, at Springfield, Missouri.

In June 1994, Marsanico indicated he wished to plead guilty to the offense charged in the Eastern District of New York, and consented to the disposition of the complaint in the Western District of Missouri where he was then confined. On July 15, 1994, Marsanico waived indictment and pleaded guilty to a one count information charging Marsani-co with bank fraud. The district court ordered a presentence investigation be conducted.

On October 11, 1994, the United States filed a motion for a downward departure pursuant to U.S.S.G. § 5K1.1, stating a sentence of imprisonment that would run concurrently with Marsanico's undischarged Washington sentence would be appropriate. The Presentence Report (PSR) calculated the total offense level to be 13, and placed him in Criminal History Category II, which yields an imprisonment range of 15 to 21 months.

At sentencing, counsel for Marsanico requested the court to sentence him at the low end of the guideline range, and to order such sentence to run concurrently with the undischarged Washington sentence "as the sentencing guidelines allow." Before imposing sentence, the district court commented on the fact that between June 1988 and September 1992, Marsanico defrauded either friends or banks in the approximate amount of $700,-000, and that he did not believe Marsanico had no funds. The district court then denied the motion for a downward departure and sentenced Marsanico to 21 months, to be served consecutively to his undischarged sentence for the Washington conviction.

■ Marsanico appeals his sentence on the grounds it violates the sentencing guidelines. It is Marsanico's position that pursuant to U.S.S.G. § 5G1.3(c), the sentencing court was required to fashion a sentence for the New York conviction that Marsanico would have received if he had been sentenced for the New York conviction and the Washington conviction at the same time.

The government argues that Marsanico did not preserve for appeal the sentencing issue appealed. The government argues that this court could nonetheless address the issue appealed to avoid a gross miscarriage of justice as the district court erred in imposing consecutive sentences without addressing an upward departure.

1. The HONORABLE MICHAEL J. DAVIS, United States District Judge for the District of Minne- sota, sitting by designation.

■ To properly preserve an issue for appeal, a timely objection must be made to the trial court which clearly provides the grounds for objection so that the trial court has the opportunity to prevent or correct the error. *United States v. Williams,* 994 F.2d 1287, 1294 (8th Cir.1993). We will not review an issue not properly preserved, "unless a gross miscarriage of justice would otherwise result." *Id.* (*citing, United States v. Filker,* 972 F.2d 240, 242 (8th Cir.1992)).

Upon receiving his sentencing of 21 months to run consecutively with his undischarged sentence, counsel for Marsanico argued:

> I just want to urge the court that Mr. Marsanico's conduct, and that conduct that you're speaking of occurred after this offense conduct. It just appears to me that he is being punished twice for that conduct that the court in Washington already sentenced him as severely as they possibly could. It appears to me as though he is once again being punished for that conduct that occurred after this conduct. And I would just ask the court to consider Mr. Marsanico's conduct as it relates to his offense which occurred prior to another crime. I would just ask the court to bear that in mind.

At no time prior to, or during sentencing, did Marsanico or the government address U.S.S.G. § 5G1.3(c). Nor was such guideline section addressed in the PSR. Under such circumstances, the argument made by counsel during sentencing did not properly preserve for appeal the issue of sentencing pursuant to U.S.S.G. § 5G1.3(c). However, the parties to this appeal do not dispute that U.S.S.G. § 5G1.3(c) is applicable herein, and failure to calculate Marsanico's sentence thereunder would result in a miscarriage of justice.

■ We review the district court's application of the guideline and relevant statutes de novo. *United States v. Gullickson,* 981 F.2d 344, 346 (8th Cir.1992).

■ When imposing a sentence on a defendant who is subject to an undischarged prison sentence, the sentencing court must apply Section 5G1.3 of the United States Sentencing Guidelines. *Gullickson,* 981 F.2d at 346. Section 5G1.3(c) provides "the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense." Application Note 3 of this section provides that "[t]o the extent practicable, the court should consider a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Convictions) had all of the offenses been federal offenses for which sentences were imposed at the same time." U.S.S.G. § 5G1.3, comment. (n. 3).

To determine the total punishment, U.S.S.G. § 5G1.2(b) provides the total sentence shall be imposed in accordance with Part D of Chapter Three. Section 3D1.1(a)(1) requires the court to group the counts into distinct Groups of Closely Related Counts by applying the rules of U.S.S.G. § 3D1.2. Offenses covered by U.S.S.G. § 2F1.1, offenses involving fraud or deceit, shall be grouped together in a single group. U.S.S.G. § 3D1.2(d). Both the Washington and New York offenses involved fraud and deceit, therefore both offenses would have been grouped together. When counts are grouped together, U.S.S.G. § 3D1.3(b) provides the applicable offense level is the offense level corresponding to the aggregate quantity, which in this case is $718,988.83.

Section 2F1.1(a) provides for a base offense level of six. For a loss involving $718,988.83, U.S.S.G. § 2F1.1(b)(1)(K) (loss greater than $500,000 but less than $800,000) provides for an increase of 10 levels. For his Washington conviction, Marsanico also received a two level increase pursuant to U.S.S.G. § 2F1.1(b)(2)(A) for more than minimal planning, and another two level increase for abuse of trust pursuant to section 3B1.3, for a total offense level of 20, with a criminal history category of I.[2] *See* U.S.S.G. § 5G1.3,

---

**2.** Marsanico's criminal history category would remain at I, since the hypothetical total offense-

comment (n. 3). The imprisonment range under the guidelines for an offense level 20, criminal history category I, is 33 to 41 months. Thus, the hypothetical total sentence that Marsanico would have received had he been sentenced for the New York conviction at the same time as the Washington conviction, is 33 to 41 months.

Where the "sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise provided by law." U.S.S.G. § 5G1.2(c). Because Marsanico received a 41 month sentence for the Washington conviction, the top of the range for the hypothetical total sentence, U.S.S.G. § 5G1.2(c) requires the sentence for the current conviction to run concurrently with the undischarged sentence. By imposing consecutive sentences, the district court sentenced Marsanico to a 62 month term of imprisonment, which exceeds the hypothetical sentence calculated under guidelines.

■ At the time Marsanico was sentenced for the New York offense in October 1994, he had served 24 months of his undischarged 41 month sentence. In accordance with U.S.S.G. § 5G1.3(c), Marsanico should have been sentenced to a term of 17 months (41 months less 24 months served) to run concurrently. The sentencing court may, however, depart from the guidelines when sufficient justification exists. *See, United States v. Duranseau,* 26 F.3d 804, 811 (8th Cir.1994); *Gullickson,* 981 F.2d at 349. In determining whether sufficient justification exists, district courts must follow usual guideline procedures. *Gullickson,* at 349. When departing, however, the sentencing court must provide specific reasons for doing so. *Duranseau,* at 811.

At sentencing, the district court did not indicate it was departing upward, and from the record it is unclear what specific factors the district court relied upon when imposing consecutive sentences. Accordingly, we va-

cate Marsanico's sentence and remand for resentencing consistent with this opinion.

---

level calculation necessarily requires the court to exclude prior offenses from the criminal history category. *See United States v. Duranseau,* 26 F.3d 804, 811 n. 7 (8th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 341, 130 L.Ed.2d 298 (1994).