# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1033SD

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota |
| Linda L. Lange, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 14, 1998
Filed: June 3, 1998

_____

Before McMILLIAN, NOONAN,[1] and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

NOONAN, Circuit Judge.

Linda L. Lange, convicted of bank fraud in violation of 18 U.S.C. § 1344, appeals her sentence of 2¾ years, to be served consecutively to a sentence she is serving in Nebraska for state bank fraud. Lange seeks to have her federal sentence run concurrently.

_____

[1]The Honorable John T. Noonan, Jr., United States Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

A defendant who is the subject of an undischarged prison term must be sentenced under U.S.S.G. § 5G1.3. United States v. Marsanico, 61 F.3d 666, 668 (8th Cir. 1995). That much is clear. The question is whether § 5G1.3(b) or (c) applies.

The two provisions read as follows:

(b)  If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

(c)  (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3.

Lange argues that the Nebraska conviction was "fully taken into account" in determining her offense level. It was taken into account in the Presentence Report's calculation of her criminal history points. But criminal history and offense level are treated separately by the Sentencing Table of the U.S.S.G. The events underlying the Nebraska conviction were not taken into account as "relevant conduct" under U.S.S.G. § 1B1.3, and so were not taken into account in determining her offense level. See United States v. Gondek, 65 F.3d 1, 4 (1st Cir. 1995). Reviewing the application of § 5G1.3 de novo, United States v. Lyons, 47 F.3d 309, 311 (8th Cir. 1995), we find no error.

AFFIRMED.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.