**UNITED STATES of America, Appellee,**

v.

**Christopher Jerome MOORE, Appellant.**

No. 98–2192.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 12, 1998.

Decided Nov. 24, 1998.

**510**

Thomas F. Flynn, Assistant Federal Public Defender, St. Louis, MO, for Appellant.

No brief was filed on behalf of the Appellee.

Before RICHARD S. ARNOLD, WOLLMAN, and MURPHY, Circuit Judges.

PER CURIAM.

After Christopher Moore pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a), the District Court[1] sentenced Moore to five years and three months imprisonment and three years supervised release. The term of imprisonment was ordered to run consecutively to a state sentence Moore is serving for forgery. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), raising a challenge to the sentence imposed. We affirm.

In July 1995, Moore was sentenced to seven years imprisonment for the state forgery conviction; he served part of the sentence, and was released on probation in December 1995. In August 1997, Moore committed the instant offense, and after his arrest for fed-

eral bank robbery in December 1997, Moore's state probation was revoked and he was ordered to serve the remainder of his state sentence. In the *Anders* brief, counsel argues that the District Court erroneously ordered Moore's federal sentence to run consecutively to the undischarged state sentence, and seeks to have the sentences run concurrently.

U.S. Sentencing Guidelines Manual § 5G1.3 (1997) is applicable when a District Court sentences a defendant who—like Moore—is subject to an undischarged prison sentence. See *United States v. Marsanico*, 61 F.3d 666, 668 (8th Cir.1995). The issue is whether U.S. Sentencing Guidelines Manual § 5G1.3 (a), (b), or (c) applies here. Section 5G1.3(a) requires consecutive sentences when the instant offense was committed while the defendant was serving a term of imprisonment, or before the defendant began serving a term; section 5G1.3(b) applies when subsection (a) does not, and requires concurrent sentences if the "undischarged term of imprisonment resulted from offense(s) that have been fully taken into account" in determining the offense level for the instant offense; and under section 5G1.3(c)—which applies in "any other case"—the sentence may be imposed to run concurrently or consecutively "to achieve a reasonable punishment." Under applicable commentary,

> If the defendant was on federal or state probation ... at the time of the instant offense, and has had such probation ... revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of probation ... in order to provide an incremental penalty for the violation of probation....

U.S. Sentencing Guidelines Manual § 5G1.3, comment. (n.6). We conclude the District Court's sentence was consistent with subsection (c) and Application Note 6. *Cf. United States v. Lange*, 146 F.3d 555, 556 (8th Cir. 1998) (affirming district court's imposition of consecutive sentence under § 5G1.3 (c); although prior state conviction was taken into

---

1. The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

account in calculation of criminal history points, events underlying state conviction were not taken into account as relevant conduct and did not affect offense level); *United States v. Hornsby,* 88 F.3d 336, 339–40 (5th Cir.1996) (where defendant committed instant offense while on state parole and parole was revoked, district court did not err by ordering sentence for instant offense to run consecutively pursuant to § 5G1.3(c) as application note 6 squarely addressed situation). We thus conclude that the District Court did not err.

Upon review of the record in accordance with *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issues. Accordingly, we affirm.