# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2192

_____

| | |
|---|---|
| United States of America, | * |
| | On Appeal from the United |
| Appellee, | States District Court |
| | * |
| v. | * |
| | * |
| Christopher Jerome Moore, | [To Be Published.] |
| | * |
| | * |

_____

Filed:  November 24, 1998

_____


_____

PER CURIAM.

ter Christopher Moore pleaded guilty to bank robbery, in violation of 1 U.S.C. § 2113(a), the District Court[1]

impriso        and three years supervised release.  The term of imprisonment was

ence Moore is serving for forgery.  Counsel

has   led a brief pursuant to <u>Anders v. California</u>                                            a challenge to the sentence imposed.  We affirm.

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

In July                                                                       e
forgery   onviction; he served part of the sentence, and was released on probation in
5.  In August 1997, Moore committed the instant offense, and after his
arr     for federal bank robbery in December 1997, Moore's state probation was
tence.  In the <u>Anders</u>
counsel argues that the District Court erroneously ordered Moore's federal
ate sentence, and seeks to have the
sentences run concurrently.

a District
Court sentences a defendant who--like Moore--is subject to an undischarged prison
<u>United States v. Marsanico</u>, 61 F.3d 666, 668 (8th Cir.
is w                                                                                  .
Section 5G1.3(a) requires consecutive sentences when the instant offense was
itted while the defendant was serving a term of imprisonment, or before th
defendant began serving a term; section 5G1.3(b) applies when subsection (a) does not,
urrent sentences if the "undischarged term of imprisonment resulted
from offense(s) that have been fully taken into account" in determining
for the instant offense; and under section 5G1.3(c)--which applies in "any other case"--
sentence may be imposed to run concurrently or consecutively "to achieve
reasonable punishment."  Under applicable commentary,

> If   e defendant was on federal or state probation . . . at the time of the
> such probation . . . revoked, the sentence for
> the      ant offense should be imposed to run consecutively to the term
> sed for the violation of probation . . . in order to provide a
> incremental penalty for the violation of probation . . . .

U.S. Sentencing Guidelines Manual § 5G1.3, comment. (n.6). We conclude the District Court's sentence was consistent with subsection (c) and Application Note 6. Cf. United States v. Lange, 146 F.3d 555, 556 (8th Cir. 1998) (affirming district court's imposition of consecutive sentence under § 5G1.3 (c); although prior state conviction was taken into account in calculation of criminal history points, events underlying state conviction were not taken into account as relevant conduct and did not affect offense level); United States v. Hornsby, 88 F.3d 336, 339-40 (5th Cir. 1996) (where defendant committed instant offense while on state parole and parole was revoked, district court did not err by ordering sentence for instant offense to run consecutively pursuant to § 5G1.3(c) as application note 6 squarely addressed situation). We thus conclude that the District Court did not err.

Upon review of the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.