# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1508

_____

United States of America,   *
                            *
                Appellee,   *   Appeal from the United States
                            *   District Court for the Western
    v .                     *   District of Missouri.
                            *
Hiram Oliver,               *        [UNPUBLISHED]
                            *
                Appellant.  *

_____

Submitted:  September 12, 2000

Filed:  September 19, 2000

_____

Before RICHARD S. ARNOLD, FAGG, and BYE, Circuit Judges.

_____

PER CURIAM.

Hiram Oliver pleaded guilty to one count of being a fugitive in possession of a firearm and received a twenty-seven month sentence to be served consecutively to a sentence already imposed in a separate fraud prosecution. Oliver appeals, and we affirm.

Oliver first contends his sentences should have run concurrently because the district court took the fraud conspiracy into account in determining Oliver's offense level for the firearm charge. See U.S. Sentencing Guidelines Manual (U.S.S.G.) §

5G1.3(b) (1998) (if an "undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment"). We disagree. Although the district court increased Oliver's base offense level four levels for using or possessing the firearm in connection with another felony offense, see U.S.S.G. § 2K2.1(b)(5), the felony offense which the district court concluded justified the four-level increase was a state charge for possession of a stolen vehicle and was not, as Oliver argues, his earlier fraud conviction. Because the district court did not take into account Oliver's fraud conviction in determining his offense level on the firearm charge, the district court had discretion to impose a consecutive sentence. See U.S.S.G. § 5G1.3(c) (if undischarged sentence results from offense that was not fully taken into account in determining offense level, district court may impose "sentence for the instant offense . . . [that] run[s] concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment"); United States v. Lange, 146 F.3d 555, 556 (8th Cir. 1998) (consecutive sentences proper because "events underlying the [earlier] conviction were not taken into account as 'relevant conduct' under U.S.S.G. § 1B1.3, and so were not taken into account in determining [the] offense level [in the instant offense]"); United States v. Lyons, 47 F.3d 309, 311 (8th Cir. 1995) (per curiam) (§ 5G1.3(b) does not apply because earlier conviction was not considered in offense level calculation).

We also reject Oliver's contention that the district court committed plain error in computing his criminal history category. Contrary to Oliver's view, his sentence in the fraud case was a "prior sentence of imprisonment," see U.S.S.G. § 4A1.2(a)(1) & n.1, and so was properly included in Oliver's criminal history computation, see id. § 4A1.1(a).

We affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.