# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1120EA

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the Eastern District |
| | * | of Arkansas. |
| | * | |
| Edgar Lynn Davis, | * | [Not To Be Published] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 31, 2001
Filed: June 19, 2001

_____

Before RICHARD S. ARNOLD, FAGG, and MORRIS SHEPPARD ARNOLD,
     Circuit Judges.

_____

PER CURIAM.

Edgar Lynn Davis was caught by police with three sticks of dynamite in the trunk of his car, and was charged with being a felon in possession of explosives in violation of 18 U.S.C. § 842 (i)(1). He pleaded guilty and was sentenced to 96 months (8 years) in prison to be followed by three years of supervised release.

In the District Court,[1] Mr. Davis requested that his federal sentence run concurrently with a state sentence, giving medical reasons for wanting to get out of the state prisons as soon as possible. The government, for its part, requested an upward departure on the basis of Mr. Davis's extensive criminal record (he had 27 criminal-history points, more than twice the number required for a criminal-history category of VI). It also argued that the District Court lacked authority to make the sentences run concurrently, citing United States v. Goldman, 228 F.3d 942 (8th Cir. 2000), cert. denied, 121 S. Ct. 1149 (2001). The District Court agreed and set the sentence to run consecutively with the undischarged state sentence, but it declined to depart upward from the Guideline range. The parties later agreed that Goldman did not govern Mr. Davis's case, and a motion was filed to correct or clarify the judgment. In its order on that motion, the District Court acknowledged its discretion to run the sentence concurrently with the state sentence. The order continues: "[f]or the same reasons stated at the sentencing hearing, which would have supported an upward departure in this case, Defendant's sentence shall run consecutive to his current state sentence."

Mr. Davis's pro se brief does not explicitly allege any particular error on the part of the District Court. Distilled to essentials, it points out that the District Court sentenced him at the top of the applicable Guideline range and requests that this Court grant the relief which that Court denied. Mr. Davis wants his remaining state sentence, which he calculates at ten years, to be "absorbed by the mandated (96) ninety-six month federal sentence," and to be served at the federal facility in Springfield, Missouri. Brief of Appellant, Pro Se, at 4-5. Consistently with his statements at sentencing, Mr. Davis claims that he has a severe heart condition and requires better medical attention than the state prison system can provide. Mr. Davis's counsel regards the appeal as frivolous and has filed a motion to withdraw. In a brief pursuant to Anders v. California, 386 U.S. 738 (1967), counsel treats the appeal as raising the

---

[1]The Hon. Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

question of whether the District Court abused its discretion in declining to run the sentences concurrently.

On the facts presented here, this question would be governed by U.S.S.G. § 5G1.3(c). That section provides that, where the defendant was not under sentence of imprisonment at the time of the offense, but is subject to an undischarged term of imprisonment at the time of sentencing, "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." At the time Mr. Davis was caught with the dynamite, he was awaiting a plea hearing on a state charge of manufacturing methamphetamine. Before his federal sentencing, he pleaded guilty to the state charge and received a 15-year sentence of imprisonment. He then pleaded guilty to the federal charge. Thus, he was subject to an undischarged term of imprisonment at sentencing, but not at the time of his federal offense. Section 5G1.3(c) therefore applies to his case. See United States v. Lange, 146 F.3d 555, 556 (8th Cir. 1998).

We see no reversible error in the District Court's application of that guideline to Mr. Davis. In United States v. Plumley, 207 F.3d 1086, 1093 (8th Cir. 2000), we reviewed a District Court's decision to impose a federal sentence consecutive to a state sentence that had resulted from a state parole revocation just before the defendant's federal sentencing. In that case, the District Court erroneously believed that it lacked discretion to impose a concurrent sentence under section 5G1.3(c). We upheld the consecutive sentence anyway, because it was clear that the District Court would not have reached a different result even if it had correctly understood its discretion, and because the sentence imposed was consistent with the Guidelines. Here, Mr. Davis received a sentence within the Guideline range, despite a criminal history that would have justified an upward departure. See United States v. Starnes, No. 00-2729, 2001 WL 173626, at *1 (8th Cir. Feb. 14, 2001) (upward departure was within district court's discretion where defendant had over 20 criminal-history points). Mr. Davis's

medical condition, which the District Court considered at sentencing, does not make this punishment unreasonable.

Our independent review of the record, see <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), reveals no other non-frivolous issues for appeal. We therefore affirm the District Court's judgment and grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.