# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3352

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Terry Lee Rains, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: May 13, 2003
Filed: July 7, 2003

_____

Before LOKEN, Chief Judge, BRIGHT, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Terry Lee Rains appeals the forty-one month (three year five month) sentence imposed by the district court,[1] following his guilty plea to being a user of controlled substances in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), and attempting to manufacture a pipe bomb, in violation of 26 U.S.C. §§ 5822, 5861(f), and 18 U.S.C. § 2. Rains argues that the district court erred in imposing weapon enhancements for possession of a .25 caliber handgun, pursuant to

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

U.S.S.G. § 2K2.1. Rains denies that the record is sufficient to attribute possession of this weapon to him.

Rains made no objections to the enhancements of the sentence in the district court. Thus, we review the district court's application of the sentencing guidelines for plain error. *United States v. Nichols*, 151 F.3d 850, 854 (8th Cir. 1998). Rains argues that his lack of knowledge of the gun and his wife's admission to purchasing the gun show that the government failed to establish his possession of this weapon. An enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, cmt. n.3 (2002).

Sufficient evidence exists in this case to establish a connection between Rains and the gun to support possession. Police found the gun in Rains' box of drugs and drug paraphernalia, in his briefcase, located under his bed in his house. "Constructive possession of the firearm is established if the person has dominion over the premises where the firearm is located . . . ." *United States v. Boykin*, 986 F.2d 270, 274 (8th Cir. 1993).

Rains relies on *United States v. Comstock*, 154 F.3d 845 (8th Cir. 1998) and *United States v. Marsanico*, 61 F.3d 666 (8th Cir. 1995). These cases are inapposite to the circumstances here as they both relate to errors in use of the guidelines, not determinations of factual issues.

Our review for plain error is extremely narrow. We conclude that Rains' sentence was not so obviously erroneous or "otherwise flawed as to seriously undermine the fairness, integrity, or public reputation of judicial proceedings." *United States v. Beck*, 250 F.3d 1163, 1166 (8th Cir. 2001). Here ample evidence indicates that Rains possessed the gun.

We affirm the district court.[2]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]There is no need to address the government's motion to supplement the record because our affirmance in this case rests on the record presented to us on appeal.