# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2614

_____

United States of America,

        Appellee,

v.

Jeffrey A. Baker,

        Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*     [UNPUBLISHED]
\*

_____

Submitted: February 8, 2010
Filed: July 15, 2010

_____

Before RILEY, Chief Judge,[1] SMITH and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jeffrey Baker pleaded guilty to one count of bank robbery ("Count 1"), in violation of 18 U.S.C. § 2113(a) and (d), and one count of brandishing a firearm during a crime of violence ("Count 2"), in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The district court[2] sentenced Baker to 46 months' imprisonment on Count 1 and 84 consecutive months on Count 2. The district court also ordered that the Count 1

_____

[1]The Honorable William Jay Riley became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2010.

[2]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

sentence be served consecutive to Baker's existing 31-month sentence for a robbery in Johnson County, Kansas. On appeal, Baker maintains that the district court unreasonably ordered the sentence for Count 1 to run consecutive to the Johnson County sentence. We disagree and affirm the judgment of the district court.

## I. *Background*

On December 26, 2007, Baker and codefendant, Rashaud S. Shelton, robbed the Central Bank of Kansas City at gun point. Baker and Shelton employed a juvenile as a lookout remaining at the bank door during the robbery. Baker and Shelton entered the bank at approximately 4:20 p.m. wearing ski masks and hooded coats. Baker and Shelton approached one of the bank employees and directed that employee to put money from his drawer into a trash bag that Baker handed to him. The employee complied and, while doing so, placed bait money into the bag causing the bank's alarm system to trigger. The robbers instructed the employee to step away from the counter and to keep his hands where Baker and Shelton could see them. Baker and Shelton demanded access to the bank vault. An employee led Shelton to the vault; while opening the vault, Shelton stated, "Don't do anything stupid." Shelton also threatened that it would "be all over" if he heard any sirens. While in the vault, this employee saw a firearm in Shelton's left hand.

After obtaining the money from the vault, Baker, Shelton, and the juvenile left the bank and fled the scene on foot. Through various tips and information obtained from a confidential informant, the Kansas City Missouri Police Department began to develop leads on the three individuals involved in the robbery. The juvenile was the first of the three to be interviewed. He identified Shelton as a participant in the robbery. He also explained that Shelton told him what to do during the robbery and that he did not know Baker. Baker and his accomplices stole approximately $65,000 from the bank.

Kansas City police picked Shelton up on April 5, 2008, and interviewed him regarding his involvement in the robbery. He admitted making threats to a bank employee and further indicated that he gave the gun to Baker because the bag of money that he was carrying out from the vault was too heavy.

Law enforcement also interviewed Baker. Baker stated that he, Shelton, and the juvenile planned the robbery together and selected the location based on Shelton's prior surveillance. Baker further described that when Shelton did not respond to Baker's requests to leave the bank, he went into the vault to get him. Upon entering the vault, Baker stated that he found Shelton attempting to hold the gun under his chin because his arms were occupied with the money. Baker testified at his plea hearing that he took the gun from Shelton and put it into his pocket.

On January 10, 2008, a grand jury returned an indictment charging Baker with one count of bank robbery and one count of using a firearm during the commission of a crime of violence. On March 19, 2009, the district court conducted a change of plea hearing at which Baker pleaded guilty to both counts of the indictment. Baker's presentence investigation report (PSR) calculated his base offense level for count 1 as 20. The PSR added two levels for the involvement of a financial institution and two levels for the amount of loss. Baker received no enhancement for his role in the offense but did receive a two-level reduction for acceptance of responsibility. Baker received an additional one-level reduction for assisting the investigation. Baker's prior offenses gave him four criminal history points and placed him in criminal history category III.

On June 30, 2009, the district court conducted a sentencing hearing. During that hearing, the district court sentenced Baker to 46 months' imprisonment on Count 1 and

84 months consecutively on Count 2 as required by 18 U.S.C. § 924(c)(1)(D)(ii)[3]. The district court also ordered the Count 1 sentence to run consecutive to Baker's 31-month sentence that he had already received for the robbery in Johnson County.

## II. *Discussion*

On appeal, Baker makes three arguments seeking reversal of his sentence. First, he asserts that given the absence of violence in the robbery, the minor role that he played in the offense, the Guidelines enhancement resulting from the Kansas conviction, and his minimal criminal history, the district court abused its discretion in ordering the sentence for Count 1 to run consecutive to the Johnson County sentence.

Next, Baker contends that 18 U.S.C. § 3584(a) and (b) mandate consideration of the 18 U.S.C. § 3553(a) factors in determining whether to impose a concurrent, partially concurrent, or consecutive sentence, and that when considering those factors his sentences should run concurrently.

Finally, Baker asserts that the Sentencing Commission contemplated cases like his and specifically designed U.S.S.G. § 5G1.3 to permit courts to run sentences concurrently. Accordingly, Baker argues that the court's order of consecutive sentences is unreasonable as it imposes a sentence that is greater than necessary to fulfill the purposes set forth in § 3553(a)(2).

---

[3] 18 U.S.C. § 924(c)(1)(D)(ii) provides: "[N]o term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed."

"We review the district court's application of the sentencing guidelines de novo." *United States v. Sumlin*, 317 F.3d 780, 782 (8th Cir. 2003). "We review the district court's application of section 5G1.3 de novo." *United States v. Lyons*, 47 F.3d 309, 311 (8th Cir. 1995). "We review a district court's decision to impose a consecutive or concurrent sentence for reasonableness." *United States v. Winston*, 456 F.3d 861, 867 (8th Cir. 2006).

We affirm the district court's imposition of consecutive sentences. Section 5G1.3(c) provides: "In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." Baker takes issue with the district court's weighing of the § 3553 factors and its explanation of that weighing. After reviewing the record as a whole, specifically the facts underlying the offense and placing particular emphasis on Baker's potentially harmful acts, we hold the that district court properly exercised its discretion under § 5G1.3.

Finally, § 3584(a) provides: "If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. . . ." Section 3584(b) provides: "The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)."

The record reflects that the district court adequately considered the § 3553(a) factors in imposing consecutive sentences. The court specifically considered the seriousness of his offenses, the potential for harm to others, and Baker's potential for rehabilitation. Furthermore, § 3584 "encourages consecutive sentences '[w]hen prison terms for multiple offenses are imposed at different times.'" *United States v. Betts*, 509

F.3d 441, 447 (8th Cir. 2007) (quoting *United States v. Shafer*, 438 F.3d 1225, 1227 (8th Cir. 2006)). Baker's two sentences were imposed at different times and thus the Guidelines advise consecutive sentences. The sentence ultimately imposed was not unreasonable.

### III. *Conclusion*

The judgment of the district court is affirmed.

_____